[Harper v. Weeks.]


# Harper *v.* Weeks.

*Statutory Detinue, by Mortgagee against Mortgagor.*

1. *Recitals and presumptions as to pleas.*—This court might presume, in support of the rulings of the court below, that the case was tried on special pleas found in the record, though they are not marked filed; but such presumption can not be indulged, when the judgment-entry recites that issue was joined on the plea of not guilty, and the clerk certifies that the special pleas were filed the day after the trial.

2. *General issue, and special pleas; proof of payment of mortgage debt; recoupment of damages.*—In an action to recover personal property in specie, by mortgagee against mortgagor, the general issue only being pleaded, the defendant can not prove payment of the mortgage debt; and if he can set off or recoup, as against the mortgage debt, damages resulting from a breach of the contract on the part of the mortgagee (which is left an open question—Code, § 2720), it can not be done without a statutory suggestion.

3. *Probable profits as damages.*—In an action by mortgagee against mortgagor, when the latter seeks to set off or recoup damages on account of the mortgagee's breach of contract in failing to furnish him with a mule for use in cultivating his land, he can not prove the quantity of cotton and corn which his land would ordinarily make with ordinary cultivation.


APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by J. B. Harper against J. A. Weeks, to recover a wagon, yoke of oxen, nine head of cattle, and twenty hogs; and was commenced on the 20th November, 1888. The plaintiff claimed the property under a mortgage for advances executed to him by the defendant, which was offered in evidence on the trial; and he testified that about $100, or more, was still due and unpaid on the mortgage debt. The defendant seems to have relied on a breach of contract by the plaintiff, in failing to furnish him with a mule for the cultivation of his land, and sought to recoup the damages which he had thereby sustained. The plaintiff excepted to the admission of the evidence offered for this purpose, and here assigns it as error. The opinion states the evidence, and also the pleadings.


M. E. MILLIGAN, for appellant.

H. L. MARTIN, *contra.*

37

CLOPTON, J.—The action is brought by appellant, as mortgagee, against appellee, as mortgagor, for the recovery of personal property in specie. In such suit, the statute provides, that "the defendant may, upon suggestion, require that the jury ascertain the amount of the mortgage debt, and such ascertainment must be entered on the record of the judgment."—Code, § 2720. The judgment-entry recites, that "the defendant pleads not guilty, and issue being joined on the plea of general issue;" and the certificate of the clerk shows, that the special pleas, which appear in the record, were filed in his office after the trial of the cause. It may be that, if the judgment-entry did not distinctly and positively recite the issue joined, we would presume, in support of the rulings of the court, that the case was tried on the special pleas, though not indorsed filed; but, in the state of the record, we can not indulge such presumption, and must treat the case as if tried on the general issue alone.

The defendant was allowed to prove an agreement on the part of the mortgagee, to furnish him supplies and a mule, which was the consideration of the mortgage debt, his failure to furnish the mule, and the damages resulting from the breach of the contract. Under the general issue, the mortgagor can not prove payment of the mortgage debt; and under the statute, a suggestion is necessary to require the jury to ascertain its amount.—*Slaughter v. Swift, Murphy & Co.*, 67 Ala. 494. In the absence of a special plea or suggestion, the evidence was inadmissible. We do not mean to be understood, however, as holding that the mortgagor can, under the present statute, plead, in an action of detinue, set-off or recoupment against the mortgage debt, the prior statute having been materially changed by section 2720. The operation and consequence of the alteration, we leave an open question until properly presented.

The court also erred in admitting evidence of the quantity of corn and cotton which the land of defendant would ordinarily make with ordinary cultivation, for the purpose of showing the damage suffered by him in consequence of the breach of the contract. We have uniformly held that profits, when they do not form a constituent element of the contract, and the amount can not be ascertained with reasonable certainty from established data, are not the natural and proximate consequences of the breach of the contract, and are contingent and speculative.—*Burton v. Kelly*, 29 Ala.

[Lehman, Durr & Co. v. Comer.]

318; *Brigham v. Carlisle,* 78 Ala. 243; *Reynolds v. Bell,* 78 Ala. 511.

Reversed and remanded.