# McClarin v. Anderson.

*Bill to set aside Fraudulent Conveyance.*

1. *Judgment; when kept alive.*—Where an execution is issued upon a judgment within a year after its rendition, and ten years are not allowed to elapse between the issue of succeeding *alias* executions,

[McClarin v. Anderson.]

the judgment is, under the provisions of the statute (Code, § 2922), kept alive, and is not dormant.

2. *Bill to set aside fraudulent conveyance; when administrator of deceased debtor not a necessary party.*—Where, in a bill filed by a judgment creditor to set aside as fraudulent and void certain conveyances made by his judgment debtor, it is averred that the debtor died insolvent, without leaving anything to be administered on, and that no administration had ever been taken on his estate, such bill is not demurrable for failing to make the administrator of the deceased debtor a party defendant; since, even if there had been an administrator of his estate, he was not a necessary party.

3. *Contest of exemptions; effect of judgment on demurrer; res adjudicata.*—Where, upon the levy of an execution, the defendant interposes a claim of homestead exemption, which is contested by the plaintiff on the ground that the judgment was recovered in an action of tort, and the defendant demurred to the contest on the ground that it was not filed within ten days after the plaintiff had notice of the claim of exemptions, and. on the submission of plaintiff's motion to make up the issues in the contest and on defendant's demurrers thereto, judgment was rendered refusing the motion and sustaining the demurrer, such judgment is conclusive as to the defendant's right of exemption in the property claimed, so long as the conditions on which it was claimed remain the same; and in a subsequent levy of an execution, issued upon the same judgment on the same lands, to which a similar claim of exemptions is filed and contest interposed, the defendant's right of exemption is *res adjudicata*.

4. *Bill to set aside fraudulant conveyances; when it contains equity.*— A bill filed by a judgment creditor to set aside a conveyance by his judgment debtor as being fraudulent and void, which avers that there was no consideration for said conveyance, that the consideration expressed in the deed was simulated, that there was an understanding between the grantor and grantee that it was made without consideration and for the purpose of placing the property beyond the reach of the creditors of said debtor, and particularly to prevent the complainant from subjecting the property to the satisfaction of his judgment against said debtor, is sufficient in its averments of fraud, and contains equity.

5. *Demurrer and motion to dismiss for want of equity; when properly overruled*—Where a bill is filed by a judgment creditor to set aside a conveyance by his debtor as being fraudulent and void, a demurrer to said bill, or a motion to dismiss, directed to the whole bill, is properly overruled, if the complainant was entitled to have the conveyance set aside as to a part of the property so conveyed.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. W. H. TAYLOE.
The bill in this case was filed on September 9, 1893,

by the appellee, Thomas Anderson, against the appellant, Mary J. McClarin and sought to have a certain conveyance of land executed by Robert McClarin and Mary J. McClarin to James Robertson, and a deed conveying the same lands from James Robertson and wife to Mary J. McClarin, set aside and annulled as fraudulent, and the property conveyed therein sold for the payment of a judgment recovered by Thomas Anderson against Robert McClarin. The bill and its exhibits show that on May 13, 1875, Thomas Anderson, in an action against Robert McClarin to recover damages for malicious prosecution, recovered judgment against the latter in the sum of five hundred dollars and costs; that on June 7, following, execution was issued on said judgment and returned no property found. On August 29, 1881, another execution was issued on said judgment, which was returned for an *alias*. On February 6, 1882, another execution was issued upon the same judgment and returned no property found. On May 23, 1885, another execution was issued on the said judgment, and was levied on that day upon certain property of the defendant, Robert McClarin, which was described in the sheriff's return as follows: "All and singular that certain lot of land lying and being in square No. 5, and known as Lot No. 3, and bounded as follows, on the west by Street No. four (4) on the east by property belonging to Dr. Jesse Carter, on south by property formerly belonging to Mrs. Ethridge, and on the north by property belonging to estate of Clark, having a front of fifty-three feet on Street No. four (4), with a depth of seventy feet, more or less, and being in the Lyon & Gordan tract according to Dade's survey thereof.

"2. Also that certain lot of land commencing at the southeast corner or intersection of Stone Street, now Davis Avenue, and Third Street in the city of Mobile and running thence eastwardly along the south line of Stone Street thirty feet (30) to a point, thence southwardly ninety-five feet to a point, thence westwardly thirty (30) feet to the east line of Third Street, and thence northwardly along the line of Third Street to the place of beginning.

"3. Also all and singular that certain lot of land in the city of Mobile, State of Alabama, described as follows: said lot being situated on the southwest corner of

[McClarin v. Anderson.]

Davis Avenue (formerly Stone Street) and Hospital Street, running west from said corner fifty-six (56) feet front on Davis Avenue, more or less, thence running south one hundred feet (100), more or less, thence running east (56) fifty-six feet, more or less, thence running north on Hospital Street one hundred (100) feet, more or less, to the place of beginning."

The sheriff gave notice in writing of the levy of this execution to the defendant. On June 16, 1885, the defendant in execution made his claim of exemptions as a homestead to certain portions of the land levied upon, which were described in the claim as follows : "All those certain lots of land in square No. 4 (Dunn's purchase) described as follows, viz. : Commencing at the southeast corner or intersection of Davis Avenue and Street No. 3, thence southwardly along the east line of Street No. 3, one hundred and five (105) feet, thence eastwardly parallel to Davis Avenue, one hundred and twelve feet, six inches (112' 6") thence southwardly and parallel to Street No. 3 fifty-one feet and three inches (51' 3") ; thence northwardly and parallel to Street No. 3, one hundred and fifty-six feet, three inches (156' 3") to Davis Avenue, thence westwardly along the south line of Davis Avenue, one hundred and sixty-eight feet, nine inches (168' 9") to the place of beginning ; bounded on the north by Davis Avenue, on the west by Street No. 3, on the east by lot No. 2 and on the south by lots 8, 7 and 6." This claim was filed with the sheriff on July 3, 1885, and on that day the sheriff made his return of the execution. The sheriff's return fails to show that he gave the plaintiff notice of the defendant's claim of homestead exemption. On July 31, 1885, without noticing said claim, the clerk issued a writ of *venditioni exponas* ordering the sale of the lands which had been levied upon by the sheriff under the execution, and these lands were sold. At said sale Thomas Anderson became the purchaser, and received a sheriff's deed for the lands. On November 6, 1885, Robert McClarin obtained a rule to show cause why the sale of the lands which had been levied upon by the sheriff under the execution should not be set aside, upon the grounds, among others, that the sheriff and clerk had failed to take notice of the homestead exemption, or to give notice of said claim. Upon the hearing of the motion to set aside the sale of the

lands under the execution, the court overruled the mo-
tion, and refused the rule *nisi*. On the appeal to this
court from said judgment, the judgment was reversed,
and a judgment was here rendered setting aside and va-
cating the sale and conveyance of the lands, and the
cause was remanded that the plaintiff might be given
written notice of the claim of homestead exemption,
which claim the plaintiff should be permitted to•contest
as he might be advised. The certificate of reversal was
filed on December 13, 1886. On April 7, 1887, Thomas
Anderson, the plaintiff, filed a contest of the claim of
homestead exemptions, on the ground that the judgment
on which the execution was issued was rendered in an
action of tort. On the next day McClarin demurred to
the said contest because it showed that the claim of home-
stead exemptions was filed and Anderson had notice
thereof more than ten days before he filed his contest.
When the cause came on for trial, it was submitted on
plaintiff's motion for an issue, and on defendant's de-
murrer to the contest. The demurrer was sustained and
the motion refused. The court refused to try the said
contest on its merits, because it had not been filed in the
time required by law, and this order of the court was
made on April 18, 1887. On April 19, 1887, another ex-
ecution was issued. On May 19, 1887, this last ex-
ecution was levied on the same lands as had been for-
merly levied upon. Robert McClarin again filed, on May
25, 1887, a claim of homestead exemptions to a part of
the lands thus levied upon, which were the same as those
included in his former claim. Anderson thereupon, on
May 30, 1887, filed with the sheriff a contest of this last
claim of homestead exemption by McClarin. Upon this
contest coming on to be heard, the court dismissed the
contest on the ground that said levy was improperly
made and said· contest improperly instituted, because
McClarin had filed his claim of exemption in the office
of the judge of probate prior to the issuance of said
execution, and no. affidavit of contest had been made
of said claim prior to said levy. One of the deeds
which was, upon these facts, as shown in the bill,
sought to be set aside and annulled as fraudulent, was
executed, on February 4th, 1887, by McClarin and wife,
Mary J. McClarin, conveying the lands levied upon un-
der each of the executions above mentioned, to James

Robertson. The other was executed, on May 21, 1887, by James Robertson and wife, and conveyed identically the same lands to Mary J. McClarin. The consideration expressed in each deed was nine hundred dollars; but the bill averred that the consideration recited in each of said deeds was merely simulated, and that there was, in fact, no consideration paid by either of the grantees; and that at the time the deeds were executed, it was the understanding and agreement between the parties thereto, that they were made upon simulated considerations, "for the purpose of placing said property beyond the reach of the creditors of said Robert McClarin, and particularly to prevent your orator from subjecting said property to the payment and satisfaction of his said judgment against said Robert McClarin." Robert McClarin died before the bill was filed, but after the execution of said deeds. The bill averred that Robert McClarin left no property at the time of his death, but died wholly insolvent and intestate; that no administration has been had upon his estate, as there was no property in his name, at the time of his death, to be administered on, nor was there any at the time of filing the bill. It was also averred that Mary J. McClarin was the wife of Robert McClarin, and was in the possession and use of the property involved in this controversy at the time of his death, and had been ever since, and up to the time of the filing of this bill; and she was made the only party defendant to said bill.

The respondent demurred to the bill upon the following grounds: "1. That said bill does not show that the complainant has any specific lien upon the property sought to be subjected by this bill of complaint to the satisfaction of his alleged demand, but is a claim against the estate of a deceased person, and the administrator of said estate is not made party to the bill.

"2. That said bill shows that it was filed September 9, 1893, and the judgment described therein and sought to be enforced thereby was recovered on the 13th day of May, 1875, and that execution issued upon said judgment on June 7, 1875, and does not show that said judgment has ever been revived by *scire facias*.

"3. That said bill shows that complainant has a complete and adequate remedy at law.

"4. That said bill shows that the lands sought to be

subjected by this bill were levied upon by complainant by writ of *fi. fa.* out of the city court of Mobile in May, 1885, and sought to be sold to satisfy said writ; that defendant's intestate, said Robert McClarin, then interposed a claim to said lands as exempt to him as his homestead; that the sheriff made return of said claim to said city court of Mobile, and that the sheriff gave written notice of said claim to the complainant, and that complainant did not contest said claim within the time allowed by law, and shows, therefore, that it is *res adjudicata;* that the lands described in the claim of exemption filed with the sheriff, in May, 1885, by the said Robert McClarin were in fact exempt to him as a homestead, and that said Robert McClarin had a right to make a voluntary conveyance of said lands to this defendant.

"5.    That the bill shows that said Robert McClarin filed his claim of homestead exemption to the lands described in the complaint and sought to be subjected to complainant's demands, in the office of the probate judge of Mobile county, June 16, 1885; that complainant caused a writ of execution to issue out of the city court of Mobile to be levied upon said lands, May 19, 1887, without contesting the said Robert McClarin's claim of homestead exemption, but that said contest was made after the said levy, and that said contest was dismissed by said city court, and shows, therefore, that it is *res adjudicata* as to the complainant; that the lands claimed by said Robert McClarin as exempt to him, as a homestead, were exempt to him as a homestead at the time of making the deed to James Robertson, and at the time the said Robertson and wife made the conveyance to defendant, and shows, therefore, that there was no fraud as to complainant in said conveyances at the time they were executed.

"6.    That the bill shows that all of the issues raised by the present bill have been raised in the city court of Mobile during the life time of said Robert McClarin, between said Robert McClarin, deceased, and complainant, and have been decided adversely to said complainant by said court, and that no appeal was taken by said complainant from the judgment of the said city court, and that the time for appeal allowed by law has now expired, and that said issues are now *res adjudicata* between complainant and defendant, who is in privity with said Robert McClarin.

[McClarin v. Anderson.]

"7. For further cause of demurrer defendant says that the bill shows that the plaintiff has been guilty of *laches*, and that the same is barred by *laches* as a stale demand."

The respondent also moved to dismiss the bill for the want of equity. Upon the submission of the cause, upon the motion to dismiss and the demurrers, the chancellor overruled each of them. The respondent now brings this appeal, and assigns as error this decree of the chancellor.

FREDERICK G. BROMBERG, for appellant.—1. The administrator was a necessary party to complainant's bill. This bill seeks to enforce a judgment against a decedent's estate. If the allegations of the bill are true, that the conveyances were fraudulent, they constituted a general assignment for the benefit of all creditors, and appellee's demand is a claim against an estate of a decedent, and must be revived by *sci. fa.*—*Enslen v. Wheeler*, 98 Ala. 200 ; *Powe v. McLeod*, 76 Ala. 421 ; Code of 1886, §§ 2280, 2922.

2. That the lands sought to be levied upon were exempt as a homestead was *res adjudicata.* When the levy of the execution was made in 1885, Robert McClarin filed with the sheriff his claim of homestead exemption, and notice of such claim was given to the appellee as plaintiff, and he failed to contest the claim for more than ten days after notice received. This is shown by the record and judgment on demurrer in the city court of Mobile.—Code of 1876, §§ 2828, 2830, 2833, 2834 ; *Block v. Bragg*, 68 Ala. 293 ; *Block v. George*, 70 Ala. 409 ; *Perkins v. Moore*, 16 Ala. 17 ; Wells on Res Adjudicata, 370, §§ 446, 374, 450 ; 2 Brick. Dig., 145, §§ 203, 205, 209 ; 3 Brick. Dig., 580, §§ 75, 81; 21 Amer. & Eng. Encyc. of Law, 274.

3 The complainant had a complete remedy at law. *Enslen v. Wheeler*, 98 Ala. 200 ; Code of 1886, § 2280.

McCARRON & LEWIS and S. B. BROWNE, *contra.*—1. The administrator of Robert McClarin, deceased, is not a necessary party to this suit.—*Coffey v. Norwood*, 81 Ala. 512.

2. The judgment recovered by Anderson against McClarin in the city court of Mobile, and which is the foundation of this suit, is not dormant and does not need to

[McClarin v. Anderson.]

be revived by *scire facias*. Ten years have not elapsed between the date of any of the executions issued thereon nor have ten years elapsed since the issue of the last execution.—Code of 1886, §§ 2922, 2923; *Perkins & Livingston v. Brierfield I. & C. Co.*, 77 Ala. 410.

3. There had been no decision on the merits of the contest of the claim of homestead exemption in the proceedings of the city court of Mobile. The rulings of the city court, both on the demurrer to the contest of the claim of exemption, and in dismissing the second contest, as being improperly instituted, were based upon mere technicalities, and in neither case was any decision rendered upon the merits of such contest. The question of *res adjudicata* can not, therefore, arise in this case, as to such claim of exemption.—*McCall v. Jones*, 72 Ala. 368; *Gilbreath v. Jones*, 66 Ala. 129.

4. There is equity in the bill.—*Seals v. Robinson*, 75 Ala. 369; *Early v. Owens*, 68 Ala. 174; *Bibb v. Freeman*, 59 Ala. 612.

5. It appears from the bill that all of the lands levied on or conveyed by deeds, were not claimed as exempt, but only a part thereof. The demurrer goes to the whole bill, and was, therefore, properly overruled.

HARALSON, J.—1. The plaintiff's judgment was rendered on the 13th May, 1875, in an action in tort, and executions were issued thereon on the 7th June, 1875, on 6th February, 1882, on 23d May, 1885, and on the 17th April, 1887. The judgment was kept alive, and is not now dormant. Two levies were made on the defendant's land, and twice he interposed his claim of exemption, which plaintiff attempted to contest, each time unsuccessfully.

2. There is nothing in the ground of demurrer, that an administrator of Robert McClarin was not made a party defendant. It is alleged he died insolvent, without leaving anything to be administered on, and for that reason no administration has ever been taken on his estate. If he had had an administrator, it was optional with the complainant to make him a party or not.—*Coffey v. Norwood*, 81 Ala. 515; *Handley v. Heflin*, 84 Ala. 601.

3. It will appear from the facts of this case, which will be set out in the report of the cause, that the plain-

14

[McClarin v. Anderson.]

tiff issued an execution on his judgment on the 23d of May, 1885, which was levied on the lands described in his return on said execution ; that on the 3d day of July following, the defendant in execution—respondent's intestate, Robert McClarin—filed ·under oath with the sheriff his claim of homestead exemption to a part of the lands so levied on, to which there was no contest filed by the plaintiff until the 7th of April, 1887. The case had, meantime, been carried to the Supreme Court, and reversed and remanded, and on its return to the city court, in December, 1886, this contest, on the 7th of April following, was tendered, notice of which was given on the same day to the defendant, who, on the day following, the 8th of April, 1887, filed his demurrer to said contest, on the ground, that the plaintiff's affidavit for contesting defendant's claim of exemption had been filed more than ten days after he had notice of the making and filing of defendant's claim. On trial of the cause on that demurrer, on the 18th of April, 1887, judgment was rendered for the defendant, the judgment entry reciting that the ''parties came ·by their attorneys and plaintiff's motion to make up the issues in the contest of the claim of homestead exemption filed by the defendant, coming on to be heard and being heard, and argued by counsel, it is considered by the court, that said motion be refused, and the defendant's demurrers to the contest being heard, it is considered by the court that said demurrers be and they are hereby sustained.''

4. The ground for contesting said claim of exemption, as shown in the affidavit for contesting the same, was that the plaintiff's judgment was rendered in an action of tort. It is well understood that when a demurrer is sustained for some defect in the pleadings, and judgment is not pronounced on the merits of the case, then there has been no judgment on the facts or merits, and consequently the demurrer, which was sustained because of defects in the pleadings, can form no bar to a subsequent action ; but a demurrer, which admits all the facts which are well pleaded, demands the judgment of law arising out of or on those facts; and when the judgment is pronounced it is conclusive on the parties to determine the litigation between them, as if judgment had been rendered on verdict.—*Perkins v. Moore,* 16 Ala. 13 ; *Hanchey v. Coskrey,* 81 Ala. 150 ; 1 Chit. Pl. 198.

It appears to us, that the demurrer filed by the defendant to plaintiff's contest of said claim of a homestead exemption was sustained by the city court, from no defective pleading for the trial of that matter, that the facts upon which the exemption was to be allowed or not were well presented, and that the judgment of the court on the demurrer settled the question of defendant's exemption in the property claimed, as long as the condition on which it was claimed remained the same. If he should abandon it, or do some act by which he waived or lost the exemption, or it should increase in value, so that he held more than the law allowed him as an exemption, it would be subject to other process. *Block v. George*, 83 Ala. 184; Smyth on Homestead Exemptions, § 91, and authorities there cited. One of the purposes of the statute is to give stability and security to the claimant in his home, to prevent the annoyance and feeling of insecurity that the issue of repeated executions on the same judgment would bring, and to afford a speedy and summary remedy for the determination of the matters arising on claims of exemption, to the end that creditors, if they have any rights, may have them ascertained, and if not, that the claimant may be quieted in title and possession.—*Block v. George*, 70 Ala. 411.

From what has been said, it follows, that the claim of defendant to the homestead exemption, to the extent claimed, was adjudicated by the city court, and was not again liable to a second levy of an execution on the same judgment on the same land, while the conditions and the value of the property remained the same. It is unnecessary to discuss the further attempt to subject the property to this judgment by the issue of the second execution on it on the 17th of April, 1887. That matter seems never to have received the consideration and judgment of the city court; but the judgment that it did afterwards render, as touching the second execution, was that the defendant having filed his declaration of exemption in the office of the probate judge of Mobile county, on the 16 day of June, 1885, the levy, of date May 19th, 1887, of the execution issued the 17th of April preceding was made by the sheriff without the plaintiff having filed with him a contest under oath, of said declaration of exemption—filed in the probate office—as required by law, (Code, § 2520), and the proposed contest was, there-

fore, dismissed. That left the matter, as to this suit, where it stood, at and since the rendition of said judgment on demurrer by the city court, of date 18th of April, 1887.

It is scarcely necessary to say, that the allegations of the bill, make the deeds of conveyance referred to voluntary, fraudulent and void as to complainant, to the extent he has an interest in and right to condemn any part of said lands to the satisfaction of his judgment. *Bibb v. Freeman*, 59 Ala. 612; *Early v. Owens*, 68 Ala. 174; *Seals v. Robinson*, 75 Ala. 369; *Dickson v. McLarney*, 97 Ala. 383.

The demurrer went to the whole bill. The claim of exemption extended to only a part of the land sued on. The demurrer and the motion to dismiss for want of equity were each properly overruled for this reason.

Affirmed.