# Moore v. Scharf.

### Contest of a Claim of Homestead Exemption.

1. *Homestead exemption; valuation should be ascertained at the time of trial.*—On a contest of homestead exemption, on the ground that the value of the homestead is in excess of $2,000, the issue to be made up under the direction of the court is, as to the value of the property claimed as a homestead at the time of the trial, and not at the time the claim was interposed or the contest filed.

APPEAL from the City Court of Birmingham.
Tried before the Hon H. A. SHARPE.

The appellant, Harriet E. Moore, recovered a judgment against the appellee, Simon Scharf. Execution was issued upon this judgment, and levied upon certain real estate as the property of the defendant in execution. On the 2d of March, 1893, the day after the levy of the execution, the defendant filed with the sheriff his claim of exemptions, by which he claimed the property levied upon as exempt to him as a homestead. On March 3, 1893, the plaintiff in execution filed an affidavit contesting the claim of the defendant's homestead exemption as being of value in excess of two thousand dollars. Trial was had upon the contest thus instituted, and on the hearing of the cause, the plaintiff tendered issue "that the property levied on and claimed as exempt by the defendant was of a value in excess of two thousand dollars, at the time the defendant filed his claim of exemptions to said property, and at the time the plaintiff filed her contest of said exemptions." Upon the defendant's objection, the court refused to allow the plaintiff to tender this issue, and the plaintiff duly excepted.

[Moore v. Scharf.]

The court directed the plaintiff to tender an issue to the effect that the property claimed as exempt by defendant was, at the time of the trial, of a value in excess of two thousand dollars; and to this ruling the plaintiff excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court found that the defendant's claim of exemption to the property levied upon under execution should be allowed, and rendered judgment accordingly. The plaintiff appeals, and assigns as error the rendition of this judgment, and the rulings of the court as to the formation of the issue, to which exceptions were reserved.

GILLESPY & SMYER and LANE & WHITE, for appellant. The principles announced in the case of *McCrary v. Chase & Co.*, 71 Ala. 540, are to the effect that the issue shall relate to the existing condition and rights of the parties at the time the claim of exemption is filed and contest instituted. The rights of the parties are to be determind by the facts existing at the time of the commencement of the suit, which in this case was the levy of the execution.—*McCrary v. Chase & Co.*, 71 Ala. 540; *McAdams v. Beard*, 34 Ala. 478; *Donaldson v. Waters*, 30 Ala. 175; *Hill v. Hill*, 10 Ala. 527; *Murphy v. Hunt*, 75 Ala. 438.

BOWMAN & HARSH, *contra.*—The value of property claimed as a homestead is to be ascertained at the time of the trial of the contest, rather than at the time of the interposing of the claim of exemption, or the filing of the contest therein.—Constitution, Art. X, § 2; Code of 1886, §§ 2507, 2526, 2528, 2534, 2535, 2541, 2542; *Pomroy v. Bunting*, 42 Ala. 254; Smyth on Homesteads & Exemptions, 117, § 91.

HARALSON, J.—The only question presented for review is, whether or not the court, on the trial of the question of homestead, erred in directing the value of the property claimed as a homestead, to be ascertained at the time of the trial, instead of at the time the same was claimed. Defendant's affidavit of claim of exemption was made and filed with the sheriff on the 2d day of March, 1893; the affidavit of plaintiff's attorney con-

testing the claim was filed with the sheriff on the 3d of March, 1893, and the trial occurred on the 17th day of May, 1894. The court directed the issue to be made up, and the value of the homestead claimed to be ascertained at the date of the trial, to which the plaintiff excepted.

The constitution of the State (Art. 4, §§ 2, 3) provides that a homestead, such as is here claimed, shall be exempt from sale on execution, or any other process from a court, for any debt contracted since the 13th, July 1868; and after the death of the owner thereof the exemption extends to the family during the minority of the children.

Section 2507 of the Code provides a homestead for every resident of this State not exceeding in value $2,000, and in area 160 acres, exempt from levy and sale under execution or other process for the collection of debts, contracted since the 23d of April, 1873, during his life and occupancy, and if he leave a widow and minor child or children, during the life of the widow and minority of the child or children. It is thus made manifest from constitutional and statutory provisions, that the maintenance of a home for the residents of this State and their families, exempt from sale under legal process, for the period prescribed, was deemed by the framers of the constitution and the legislature to be a measure of high importance to the public welfare.

Section 2526 of the Code makes provision for a trial of contest, as to whether a party is entitled to his exemption or not, by prescribing, that "the contest of any claim of exemption shall stand for trial at the first term of the court after the return of the process, when, if both parties appear, an issue shall be formed under the direction of the court, as to whether the property in contest, or any part of it, is exempt as claimed; and section 2534, providing for proceedings on contest when the homestead is found to exceed $2,000 in value, makes it fairly inferable, that the value of the property is to be ascertained, not at the time of the levy or filing the claim of exemption, but at the trial; or, in case commissioners are appointed to set off the homestead, at the time they allot the same. But if doubt remained, it is cleared by section 2535, which provides, that if the commissioner ascertain that the homestead, after having been reduced to its lowest practicable area, *still ex-*

[Phillips v. Americus Guano Co.]

*cceds* in value $2,000, thereby rendering it impracticable to allot and set it off by metes and bounds, they shall make report thereof to the sheriff, who shall thereupon proceed, as in other cases, to advertise and offer the same for sale under the process, and if he receive a bid therefor, exceeding $2,000, he shall sell the same, and of the purchase money, $2,000 shall be paid to the defendant or claimant in lieu of the homestead, and the excess, only, shall be applied to the process. It is land, of the value of $2,000 or money to that amount, first, last and all the time, *during the life of the owner and his widow and the minority of the child or children*, that is exempt, and which may not be sold under legal process, the conditions for its legal maintenance, meantime, remaining unchanged. It is of no concern to say, what the homestead was worth at some previous time, but the question is, what is it worth at the time it is proposed to be taken from the claimant. The creditor is always entitled to the excess of $2,000 in value, at the time of the trial, or if worth less at that time, and it should afterwards appreciate in value, so that the exemptor held more than the law allows him, it would be subject to other process.—*McClarin v. Anderson*, 104 Ala. 201; *Block v. George*, 83 Ala. 184; Smyth on Homestead & Ex., 391.

There was no error in the ruling of the court, and its judgment is affirmed.