# Huddleston, *et. al. v.* Perryman & Co.

*Petition by Guardian Ad Litem of Insane Person for Compensation.*

(Decided May 6, 1907. 43 So. Rep. 807.)

1. *Insane Person; Action; Statutory Provision; Guardian Ad Litem; Judgment.*—The court cannot render a decree or judgment affecting the person or estate of an insane person unless such person is represented by a guardian ad litem; and on a petition by the guardian ad litem for services rendered as such the guardian cannot press his alleged right for compensation and at the same time represent the ward, and a decree rendered under such circumstances against the non compos allowing the guardian compensation is invalid.

2. *Same; Cost.*—Construing sections 851, 1325 and 1353 of the Code of 1896, together, it is held that in a proceeding against the non compos the compensation of the guardian ad litem is not an element of cost taxable against the advirsary party.

Appeal from Jefferson Chancery Court.

Heard before Hon. Alfred H. Benners.

Bill by Perryman & Co. against George Huddleston, as guardian, and others. From a decree for defendants, petitioner Huddleston appeals Decree corrected and affirmed.

George Huddleston, pro se.—The chancellor has power to make a reasonable compensation to the guar-

dian ad litem for his trouble and expense, to be taxed as other costs in the suit so as to insure if possible a faithful attention to the interests of the infant.—*Walker, et al. v. Hallett*, 1 Ala. 379. Where a court allows a guardian ad litem a reasonable sum for his charges and expenditures in defending for an infant defendant in a suit in equity, and taxes the same as costs, it must be taxed against the person at whose instance the appointment of the guardian was made.—*Smith v. Smith*, 69 Ill. 308; *Ames v. Ames*, 151 Ill. 280; *Richardson v. Van Voorhies*, 3 N. Y. Supp. 396. A non compus mentis defendant is not liable for costs.—*Sproule v. Botts*, 28 Ky. 162; *Perryman v. Burgster*, 6 Port. 100; *Tuttle v. Garrett*, 74 Ill. 444; *Clark v. Clark*, 21 Neb. 402. It is the duty of the court to allow a guardian ad litem a reasonable fee for his services, to be paid by the plaintiff and taxed as costs.—*Snyder v. Fidelity Trust & Safety Vault Co.*, 114 Ky. Law Rep. 615; *McCue v. O'Hara*, 5 Redf. Sur. 336; *Weed v. Paine*, 13 Abb. N. C. 200; *In re Tracy*, 18 Abb. N. C. 242; *Yourie v. Nelson*, 1 Tenn. Ch. 614; *Carter v. Montgomery*, 2 Tenn. Ch. 455; *In re Matthews*, 27 Hun. 254; *Williamson v. Williamson*, 58 Ky. 303; *Walton v. Yore*, 58 Mo. Appeals 562; *Gott v. Cook*, 7 Paige 544; *Stuphen v. Fowler*, 9 Paige 280.

L. C. DICKEY, and JAMES M. MITCHELL, for appellee.—Where there is no fund in court or under the control of the court in which the ward has an interest, and there is no statute authorizing a guardian ad litem's fee to be taxed as a part of the costs of the cause to be paid as other costs, no such allowance to the guardian can be taxed.—*Richardson v. Van Voorhix*, 3 N. Y. Sup. 397; *Gott v. Cook*, 7 Paige 280; *Hutchinson v. Hutchinson*, 38 N. E. 926; 27 Cent. Dig. Col. 1270; 15 A. & Eng. Ency. of Law 14; 10 Ency. of P. & P. 648.

McCLELLAN, J.—Perryman & Co. brought their bill in the chancery court of Jefferson county against W. W. Montgomery, a non compus mentis, praying the correction of descriptions in certain conveyances. In regular course of proceedings a guardian ad litem was

[Huddleston, et al. v. Perryman & Co.]

appointed to represent and protect the rights and interest of the respondent Montgomery. On demurrer the bill was finally dismissed. There was no fund of the respondent, as far as we are advised, involvel in the cause. The guardian ad litem, in his individual capacity, filed his petition, asking that compensation for his services as such guardian ad litem be ascertained and ordered paid as should be done. Accordingly, a reference was had before the register, of which no notice to the non compus appears to have been given, and the reasonable amount of his compensation was found to be $150. The chancellor declined to include that sum in the bill of costs taxed against the unsuccessful complainants, but did adjudge such sum due from the estate of Montgomery. The guardian ad litem appears, and assigns as error the refusal of the court to adjudge such sum as a part of the costs against Perryman & Co., and also the determination of the liability of the estate of the ward therefor.

The petition, to which the decree in a measure responds, if its presence in the cause may be justified at all, which wo do not decide, instituted a proceeding adverse to the non compus mentis and his estate; and that by the same person to whom the court had committed the protection in the case of the rights and interest of the ward. Clearly, the petitioner could not press his own alleged right to compensation for his services in the premises and at the same time appear in behalf of the ward. Furthermore, it is not allowable in this state to proceed to judgment or decree affecting the person or estate of a non compus mentis or an infant, unless he is represented in the proceeding by guardian ad litem appointed.—*Hibbler v. Sprowl*, 71 Ala. 50; *Griffith v. Ventress*, 91 Ala. 366, 8 South. 312, 11 L. R. A. 193, 24 Am. St. Rep. 918; *Woods v. Montevallo Co.*, 107 Ala. 364, 18 South. 108. This respondent was not so represented in the proceeding begun by the petition, and the decree in that respect cannot be sustained.

As to the other phase of the decree, we are of the opinion, and so hold, that the refusal of the chancellor to tax the sum found, as reasonable compensation for

the services rendered by the guardian ad litem, was proper. Section 1325 of the Code of 1896 provides that the "successful party in all civil actions is entitled to full costs," and judgment therefor must be rendered unless otherwise directed by law. Section 851 provides that "costs may be apportioned at the discretion of the chancellor." Section 1353 provides that the law of fees and costs are penal, and "no fee must be demanded or received, except in cases expressly authorized by law." In our view, the whole subject of fees and costs is governed by statute; and no cost or fee can be taxed against or in favor of any party in a cause or proceeding unless expressly authorized by law. Diligent search has not rewarded us with any statutory authority for the allowance, in an adversary litigation, of a guardian ad litem's compensation as an element of taxable cost. Certainly, before such compensation can pass into judgment against the unsuccessful litigant, warrant in the statute must be found.

It seems to have been held by highly respectable courts and announced by eminent text-writers that in many respects a prochein ami and a guardian ad litem are officers of court, appointed to enforce, preserve, and protect the rights and interests of persons under disability.—*Sharp v. Findley*, 59 Ga. 729; Story, Eq. Pl. §§ 57, 70; 10 Ency. Pl. & Pr. p. 616, and notes. But we are unable to see how this status of the representative of the ward can afford any ground for the imposition on an unsuccessful litigant of his compensation for services rendered, for the all-sufficient reason that such compensation is not cost under our statutes. That the ward's estate, in a proper forum and proceeding, is liable to the guardian ad litem for his reasonable compensation, we apprehend there can be no doubt. Whether that compensation shall include his services as attorney or solicitor is doubtless another question.

The decree is corrected, so as to eliminate from it the confirmation of the report of the register and its judgment against the estate of Montgomery in favor of the guardian ad litem as such, or individually, and, as thus

[Nashville, Chattanooga & St. Louis Railway v. Karthaus.]

corrected, is affirmed. Appellant will be taxed with the costs of this appeal.

Corrected and affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.