146 So. 396

### HOLLEY v. VAUGHAN.

4 Div. 678.

Supreme Court of Alabama.

Jan. 19, 1933.

Rehearing Denied March 9, 1933.

250

F. J. Mizell, Jr., of Florala, and E. O. Baldwin, of Andalusia, for appellant.

A. Whaley, of Andalusia, for appellee.

FOSTER, Justice.

This is a suit by appellant for damages for the breach of a contract to extend rural telephone service to plaintiff by defendant, a public telephone utility.

The court submitted to the jury counts 1, 2, A, and C. There was a verdict and judgment for plaintiff assessing his damages at $500. On motion for a new trial made by defendant, the court held that the amount was excessive, and directed that, if plaintiff would agree to reduce the judgment to $150, he would overrule the motion. Plaintiff declined to make the agreement, and the court granted defendant's motion and set aside the judgment. Plaintiff has undertaken to appeal from both judgments, that is, the one in his favor for $500, and the one vacating and setting it aside and granting a new trial. He assigns certain errors on rulings affecting the amount of the recovery involved on an appeal from the original judgment, and also error in granting a new trial.

But, when the court granted a new trial, the effect was to vacate the original judgment, render it inoperative, and incapable of supporting an appeal or assignments of error in respect to its rendition. The only matter, therefore, before us on this appeal which we can consider, is the judgment of the court granting the motion for a new trial. The bill of exceptions shows that this was based upon the excessive amount of the damages. That, therefore, is our only concern.

Count 1 claims no special damages. Amended count 1 and counts 2, A, and C claim specially damages for loss in his business as a dentist, in that many of his engagements were made over the telephone at night, and that to his country home he moved his nursery from Florala, and in conducting it he needed to receive orders and transact the business by telephone at night; and that, when such contract was made, he lived in Florala, and on the strength of it he moved to the country, which he would not have done without such telephone service, and was thereby caused expense and trouble in moving, etc. They did not claim damages eo

nomine for the annoyance and inconvenience which plaintiff suffered on account of the want of such service, but alleged facts from which such annoyance and inconvenience could be inferred by the jury. In an action of this sort those are proper items of damages when claimed and proven. Becker Asphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630; Ala. Water Co. v. Knowles, 220 Ala. 61, 124 So. 96; Birmingham Water Works Co. v. Watley, 192 Ala. 520, 68 So. 330; Birmingham Water Works Co. v. Ferguson, 164 Ala. 494, 51 So. 150. And, when the facts are alleged which show annoyance and inconvenience as a necessary conclusion, it may not be necessary to use those words in making the claim in the complaint. It is apparent, however, that the recital of facts in the complaint was merely as a predicate for a claim of damages for loss of business, and expense in moving to the country. Such seems to be the construction placed upon it by the court and by counsel.

In respect to the loss of business, we express the opinion, for the benefit of another trial, that the court was correct in sustaining objection to evidence of such loss as a basis for damages. The rule is thus carefully stated in our case of Prestwood v. Carlton, 162 Ala. 327, 347, 50 So. 254, 261: "Profits are recoverable as damages if they are the proximate and not the remote result of the breach of the contract. They are, however, frequently speculative, conjectural, and uncertain not only as to the amount, but also as to whether or not any at all could be realized, or when they depend upon the intervention of other agencies than the contract in question. In such cases they are never recoverable. Whether profits are proximate or remote, and whether within the contemplation of the parties at the time of the contract, and whether speculative and uncertain, or depend upon the intervention of other agencies than the contract, often depends upon the question whether or not such profits arise directly out of the contract or its subject-matter, or whether they constitute the immediate fruits of the contract, or whether they result from collateral engagements or enterprises besides the contract itself, or whether they depend upon the chances of business or upon contingencies. If profits are the immediate fruits of the contract, arise directly from it without the aid of other agencies and be not dependent upon chances of business, uncertain contingencies, etc., they are recoverable; otherwise, not." And well supported in Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; Deslandes v. Scales, 187 Ala. 25, 65 So. 393; Millican v. Haynes, 212 Ala. 537, 103 So. 564; So. Rwy. Co. v. Coleman, 153 Ala. 266, 44 So. 837; Nichols v. Rasch, 138 Ala. 372, 35 So. 409; Moulthrop v. Hyett, 105

Ala. 493, 17 So. 32, 53 Am. St. Rep. 139; Reed Lumber Co. v. Lewis, 94 Ala. 626, 10 So. 333; Beck v. West, 87 Ala. 213, 6 So. 70; Union Refining Co. v. Barton, 77 Ala. 148, 156; Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28.

So that on the issues which were sustained by the court, and which were submitted to the consideration of the jury, and in the absence of an issue of annoyance and inconvenience, and considering the case in the light of the evidence, which was admitted on the trial, we are not willing to express a disagreement with the trial judge that the damages were so excessive as to be subject to the rule in such cases. Veitch v. So. R. Co., 220 Ala. 436, 126 So. 845, and cases there cited.

Without expressing an opinion confirming the amount which the trial judge seemed willing to approve, we merely hold that the judgment granting the motion for a new trial was without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.