159 So. 481

**WATSON v. CLAYTON.**

**6 Div. 595.**

Supreme Court of Alabama.
Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

Irvine C. Porter, of Birmingham, for appellant.

# 60

Robert W. Smith, of Birmingham, for appellee.

**BROWN, Justice.**

This is an action of assumpsit by the appellant against the appellee on a promissory note or bond single. The parties made an agreed case, which was submitted to the court on the defendant's pleas—the general issue, payment, and res judicata—and judgment went for the defendant.

The sufficiency of the plea of res judicata, which was tested by demurrer, and the proof to sustain it, are questions presented by the assignments of error.

The material averments of the plea, considered with the mortgage exhibited as a part thereof, are that on the 20th of October, 1931, the defendant became justly indebted to the plaintiff in the sum of $1,500, and on said date executed the note the basis of the suit, representing said sum, due and payable twenty-four months after date, with interest at the rate of 8 per cent. per annum payable semiannually, for which four separate interest notes for $60 each were executed by the defendant.

To better secure the payment of the indebtedness, the defendant executed to the plaintiff a mortgage on real estate, embodying therein an accelerating clause to the effect that, "should default be made in the.payment of any sum expended by the said mortgagee (in the payment of taxes and insurance), *or should said notes, or any part thereof, or interest thereon, remain unpaid at maturity * * * then in any one of said events the whole of the said indebtedness shall at once become due and payable,* and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages," etc. (Italics supplied.)

The defendant paid the first of said interest notes at its maturity, but failed to pay the second note at its maturity, and the plaintiff filed suit on said second note in the "Municipal Court of Birmingham, Alabama, against this defendant * * * and recovered a judgment * * * for the sum of $65.00, representing the principal due on said note, the accrued interest thereon together with a reasonable attorney's fee." This judgment, together with the costs, was paid, and plaintiff received the amount of the judgment from the clerk of said court. The accelerating clause in said mortgage "being a part of the same transaction wherein the said interest notes and the note here sued upon were executed, accelerated the maturity of this note sued upon and this note became due and payable upon default in payment of said interest note and was due and payable and was a part of the indebtedness represented by the interest note, above described, which was sued upon, reduced to judgment in favor of this plaintiff and against this defendant and the said judgment paid and satisfied."

The plea avers that said municipal court was a court of competent jurisdiction, and that said judgment estopped the plaintiff to sue on the note the basis of this suit.

While it seems to be the law in some jurisdictions that provisions in notes accelerating maturity on nonpayment of interest

installments or other defaults may be absolute in form, and leave no option to either party, nevertheless the weight of authority, including our decisions; and the rule of reason are that such provisions are inserted for the benefit of the payee or holder of the note or mortgage, and are enforceable at the option of such payee or holder, and the debtor cannot by his default destroy such option. 8 C. J. 417, § 611, and authorities cited under note 86; 19 R. C. L. 496, §§ 293–295; Chambers v. Marks, 93 Ala. 412, 9 So. 74; Phillips v. Taylor, 96 Ala. 426, 11 So. 323; United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores et al., 225 Ala. 307, 143 So. 176.

■ Of course, the payee or holder of the obligation if he so elects, may proceed to foreclose or declare at law on the entire debt, but he is not required by the terms of the contract or the law to do either. Derzis v. Cox, 223 Ala. 517, 137 So. 306.

Section 5721 of the Code deals with obligations or installments that have matured according to the tenor of the contract, and not obligations the maturity of which may be accelerated by an accelerating clause in the contract; therefore the holding in McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230, is not an apt authority.

■ The suit brought by the plaintiff on the second interest note in the municipal court was a conclusive election by him not to exercise his option to declare the entire indebtedness due. 19 R. C. L. 498, § 294.

Our judgment is that the defendant's plea 3 is bad, and the demurrer thereto should be sustained.

The judgment of the circuit court is therefore reversed, with directions to the trial court to sustain the demurrer and render judgment for the plaintiff.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

BROWN, Justice.

■ The sufficiency of the defendant's plea of res adjudicata depends upon a construction and application of the statute, section 5721, Code 1923, rather than an interpretation of the accelerating clause in the contract. It provides: "If a contract be entire, but one suit can be maintained for breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by installments), an action will lie for *each breach;* but *all the breaches occurring* up to the commencement of the action must be included therein." (Italics supplied.)

It is a cardinal rule of statutory construction that the legislative intent is of the essence of the law, and, in finding the legislative intent, courts look to the previous state of the law and defects intended to be remedied. The first clause of the statute deals with entire contracts which are not severable, and is but declaratory of the common law, and is not here important. The second clause of the statute deals with entire contracts, the *breaches* of which are severable, and under the common law *each breach* constitutes a separate cause of action, and the party aggrieved had the right to bring a separate suit for each breach. Ryall v. Prince, 82 Ala. 264, 2 So. 319.

It will be noted that the statute deals with *breaches,* and the mandate of the statute is "all the *breaches* occurring up to the commencement of the action must be included therein."

The facts in the case of Ryall v. Prince, supra, illustrate the defect in the common law and the mischief intended to be remedied. In that case there were three *breaches,* according to the tenor of the contract for the payment of money, and the plaintiff instituted three separate actions in the same court at one and the same time, declaring in each for a separate breach, and the court sustained his right to do so, and as a consequence the defendant was mulcted in the costs of three actions when all of the *breaches* could have been declared on in a single action.

In the case at bar there was but a *single breach* of the contract—failure to pay the second interest note at maturity—and this is true, though it be conceded that the accelerating clause in the contract ex proprio vigore matured the entire debt.

It is therefore clear that the lawmaking department in the enactment of the statute had in mind installments maturing according to the tenor of the contract.

We therefore adhere to the pronouncement of the original opinion.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.