163 So. 606

## WILSON v. STOCKS.

### 6 Div. 790.

Supreme Court of Alabama.
Oct. 17, 1935.

J. J. Curtis, of Jasper, for appellant.

R. A. Cooner and J. B. Powell, both of Jasper, for appellee.

## BROWN, Justice.

Action of assumpsit by a tenant farmer against his landlord for breach of the rental contract; the trial resulting in a verdict and judgment for the plaintiff.

Along with other elements of damages claimed in the sixth count of the complaint, on which the case was tried, the plaintiff claimed that he "lost the profits which would have accrued to him in making the said contract had he been allowed to continue to carry out his part of the contract." The count contained averments showing the value of the labor expended in the preparation of the lands and planting, in part, up to the time of the breach; what it would have cost to complete the crop; what the yield in cotton and corn would have been, and the value thereof.

■ If it be assumed that the profits so claimed, in these circumstances, were speculative and not recoverable, the complaint was not subject to demurrer for that reason. Terrell v. Nelson et al., 177 Ala. 596, 58 So. 989; Western Union Telegraph Co. v. Hughston, 191 Ala. 424, 67 So. 670.

The defendant, under his special plea B, had the full benefit of the defense asserted by pleas 3 and 5, and, if error was committed in the ruling on the demurrer to said pleas 3 and 5, it was error without injury.

The issues, under the evidence, were for the jury, and the evidence furnished data from which the jury was warranted in assessing more than nominal damages. The affirmative charge, in its different forms, requested by the defendant, was therefore properly refused.

■ While it is well settled that profits which are purely speculative are not recoverable, nevertheless it is also settled that, where the evidence furnishes data from which the jury may accurately ascertain them, such profits are recoverable. In Bell v. Reynolds & Lee, 78 Ala. 511, 517, 56 Am. Rep. 52, it was observed: "It is made to appear in this case that the profits claimed by the defendant would certainly have been realized but for the default of the plaintiffs; that the special facts brought to the knowledge of the plaintiffs, as vendors of the goods, brought such damages within the contemplation of the contracting parties, as naturally flowing from a failure to promptly deliver them for the use intended; and that these profits are in no sense speculative or contingent, but, on the contrary, are capable of the most accurate ascertainment." That was an action for breach of contract for failure to deliver guano purchased to be used in farming operations. See Alabama Chemical Co. v. Geiss, 143 Ala. 591, 596, 39 So. 255, where Bell v. Reynolds & Lee is cited and differentiated.

■ There was evidence in the instant case that the defendant turned the land rented by the plaintiff over to Arthur Avery immediately after the plaintiff's eviction; that Avery cultivated the same, using, as the jury was authorized in finding, the same character of husbandry in its cultivation as was usual and customary in that community, and the quality and value

of the crop raised for the year. This, in connection with the evidence as to the value of the labor expended by the plaintiff in the preparation of the soil, and what it would cost to complete and gather the crop, was sufficient data to warrant the jury in ascertaining the profits, within the rule of Bell v. Reynolds & Lee, supra.

However, it appears from the record in the case at bar that the court clearly and explicitly stated the measure of the plaintiff's damages to be the value of the crop, at the time of the breach, which is in accord with the appellant's insistence here.

Our judgment, therefore, is that no possible injury could have resulted to the defendant in the other rulings of the court not hereinabove specially treated.

It cannot be affirmed that the verdict was against the weight of the evidence.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.