180 So. 705

### DAWSON v. HAYGOOD.

8 Div. 795.

Supreme Court of Alabama.

April 21, 1938.

R. L. Polk, of Sheffield, for appellant.

J. E. Delony, Jr., of Tuscumbia, for appellee.

**THOMAS, Justice.**

The action was in the nature of a bill of review to vacate judgments rendered in the law side of the circuit court of Colbert county in favor of appellee against appellant. The cause was tried upon pleading and proof as noted by the register and as appearing from the agreed statement of facts on file.

The question presented is whether or not the well-recognized rule of res adjudicata applies and whether or not the recovery sought is ruled thereby.

■ The doctrine forbidding the splitting the cause of action into several separate suits is well understood, and that all the breaches occurring up to the commencement of the action must be included therein. Code 1923, § 5721; McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230; Shell v. Pittman, 229 Ala. 380, 157 So. 205; Stewart v. Burgin, 219 Ala. 131, 121 So. 420. Analogous thereto it is well observed, as to the rule of res adjudicata, in Crowson v. Cody, 215 Ala. 150, 110 So. 46, 49, as follows: "Where the issues were broad enough to comprehend all that was involved in the issues of the second suit, the test is, not what the parties actually litigated, but what they might or ought to have litigated. This is necessary to a due observance of the rule against splitting the cause of action (Mc-

Neil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230), dividing the grounds of recovery, and relitigating the established or admitted facts. Terrell v. Nelson, 199 Ala. 436, 74 So. 929." Clark et al. v. Whitfield, 213 Ala. 441, 105 So. 200; Fidelity-Phenix Fire Ins. Co. of N. Y. v. Murphy, 231 Ala. 680, 166 So. 604; Cobbs v. Norville et al., 227 Ala. 621, 151 So. 576; Rost v. Kroke, 195 Minn. 219, 262 N.W. 450, 106 A.L.R. 437, 441; Watson v. Clayton, 230 Ala. 59, 159 So. 481; Code 1923, § 5721.

■ When the issues are broad enough to comprehend all that was involved in the issues of the second suit, the test is, not what the parties actually litigated, but what they ought to have litigated applied to the status at the time of the rendition of the former decree, which is presumed to continue until the contrary is shown. Such judgment is conclusive as to the same parties or privies in estate or blood or in law with parties to a former action.

Was, then, the trial court correct in rendition of judgment to the effect indicated? The judgment was as follows:

"* * * that the judgments sought in this cause to be set aside grew out of the same rental contract between complainant and respondent as was the basis of a former suit hereinafter referred to and the same plea of set off as pleaded in the said case of Dawson v. Haygood, 24 Ala.App. 481, 136 So. 876, was the same defense to be interposed in these cases:

"* * * that the proposition of pleading the same set off for the landlord's breach of an oral contract has been held to be res adjudicata against the tenant's right to plead the landlord's breach of the same contract as a set off to a suit to recover rent for a subsequent month, as decided in the case of House v. Donnelly, 7 Ala.App. 267, 61 So. 18."

■ It is the rule that a plea of set-off or recoupment should be as certain as to the damages sought to be set off or recouped as if it were an original action brought by the defendant for that particular demand. Greer v. Malone-Beall Co., 180 Ala. 602, 61 So. 285; Roquemore v. Sov. Camp, W. O. W., 226 Ala. 279, 283, 146 So. 619; Lysle Milling Co. v. North Alabama Grocery Co., 201 Ala. 222, 77 So. 748.

And for the failure of such averment, demurrer was sustained to the plea in question, and the case of Dawson v. Hay-

good, 24 Ala.App. 481, 136 So. 876, was not tried upon the issue sought to be presented by the plea· of set-off for breach of the rent contract. Hence, the only judgment on that plea was that of sustaining demurrer for its said sufficiency.

Such a judgment is not a bar in this suit to the plea sought to be tried in the first suit, for the reason that judgment was not pronounced upon the facts and merits of that case, or the phase thereof now more specifically presented by the amended bill. McClarin v. Anderson, 104 Ala. 201, 210, 16 So. 639. The judgment on demurrer in the circuit court was not within the rule which admitted all the well-pleaded facts and demanded a judgment of law arising out of· or on those facts. Therefore, the judgment ˙ was not upon adjudicated facts, but upon defective pleading. For this reason said judgment was not conclusive on the parties in suits based upon installments subsequently accruing and in default. Such is in accord with the statute. Section 5721, Code 1923; McClarin v. Anderson, supra; Hanchey v. Coskrey, 81 Ala. 149, 1 So. 259.

That is to say, the authorities cited are to the effect that where the second action between the same parties is upon a different claim, the demand and claim or issue in the prior action operates an estoppel, only, as to matters in issue or points controverted upon the determination of which the final judgment was rendered. Irby v. Commercial Nat. Bank of Eufaula, 204 Ala. 420, 85 So. 509.

Under the rules that obtain, the judgment in the circuit court on the plea and demurrer exhibited was not res adjudicata as against this amended bill, in that such former judgment at law on the demurrer was not such as to work a mutual estoppel upon the same parties, and a bar to the proper setting up of a proper plea in the subsequent suit based on the statute for recovery of subsequently accruing installments. This is shown by the agreed statement of facts which brings the question as to a suit upon a defense to such suit upon subsequently maturing and severable installments under the statute. Code 1923, § 5721.

This severability is shown by the answer and cross-bill, stating the facts and former plea as follows: " * * * that the house and six acres of land were rented to J. R. Dawson at and for the sum of $15.00 per month, payable monthly, and that said land was never rented by the year, but that the tenant did farm and cultivate the six acres of land while he was in possession of same and while he paid his rent."

The former plea aided the cross-bill as exhibited and as a part thereof. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

It was recently declared in Watson v. Clayton, 230 Ala. 59, 159 So. 481, that the "statute [Code, § 5721] authorizing action for each breach of contract where breaches occur at successive periods in an entire contract, but requiring inclusion in action of all breaches occurring up to commencement of action, held to refer to breaches such as of installment payments which mature according to tenor of a contract." (Bracket supplied.)

This authorized the different suits upon several installments of rent as they successively accrued as was done in this case. The failure of a proper plea in defense of the suit, upon antecedent accruing installments, did not prevent a proper plea in defense of a suit on subsequently accruing installments that come within the protection of the statute and our decisions.

The decree concludes: "That no other defense is shown by the allegations of the bill of complaint or the agreed statement of facts to be available to the complainant" and it was therefore "decreed by the court that the cause be and the same is .hereby dismissed" at cost of the complainant.

The averments of the bill as amended as to the defense were not sought to be interposed to the judgment at law, and rendered while he was adjudged non compos mentis. They are:

" * * * that he was prevented from defending said cause of actions as aforesaid, and that his interest in said causes of action was not defended by his said guardian or by attorney authorized and empowered to bind him in the premises as aforesaid, and that he had and now has a· good and meritorious defense to said causes of action in that, towit:

"That at the . time said actions were. commenced, the .respondent was indebted to the complainant in the sum of $300 unliquidated damages as follows: That the rental contract on which the aforesaid actions were founded was for the rental of a dwelling house and six acres of land for the year 1929 payable at the rate of ˙$15.00

per month, and that the contract for the rental of said dwelling house and the said six acres of land was one and the same contract, and that the rental value of the house alone was much less than $15 per month.

"Complainant alleges that he was put into possession of the said dwelling house and said six acres of land for the year 1929 and that he remained in possession of said six acres of land until April or May 1929. Complainant further alleges that the said six acres of land was farming land and that after he was put into possession of said six acres of land, complainant broke and prepared said land to plant a crop at an expense of approximately $20; that he had purchased $75.00 worth of fertilizer to be used on said land in the cultivation of said crop of cotton; that he had stock and tools and was able and prepared to cultivate said six acres of land in cotton during the year 1929, and that the same would have produced approximately six bales of cotton.

"Complainant further alleges that prior to the bringing of said causes of actions and after complainant was put into possession of said dwelling house and said six acres of land for the year 1929, and after complainant had broken and prepared the said land for planting to a crop of cotton as aforesaid and had purchased $75.00 worth of fertilizer as aforesaid, the respondent unlawfully caused complainant to be dispossessed of said six acres of land and would not permit complainant to cultivate the same during the year 1929."

The specific damages alleged as to fertilizer and the reasonable cost of preparing the land for cultivation were not too remote and speculative to be pleaded as a defense. Harper v. Weeks, 89 Ala. 577, 8 So. 39; Kennedy v. McDiarmid, 157 Ala. 496, 47 So. 792; Fuller v. Fair, 202 Ala. 430, 80 So. 814; Brigham & Co. v. Carlisle, 78 Ala. 243, 248, 249, 56 Am.Rep. 28; Gresham v. Taylor, 51 Ala. 505. The question of recoverable damages for breach of contract was recently considered in Holley v. Vaughan, 226 Ala. 249, 146 So. 396, and the many authorities are there collected.

See, also, Prestwood v. Carlton, 162 Ala. 327, 50 So. 254, 261; Atlanta & B. Air Line Ry. Co. v. Brown, 158 Ala. 607, 616 and 618, 48 So. 73.

■ We are of the opinion and hold that the reasonable expense incurred in preparing the land for planting the crop, alleged to be about $20, and the sum expended in purchasing fertilizer, alleged to be $75, under the facts averred, were pleadable as damages, and the subject of set-off against rent or subsequent installments as the rent of the house. The profits that may or may not have been the result of and subject to the manner of cultivation and effectiveness of labor, the recurrence of favorable or unfavorable seasons, and the fluctuation of subsequent prices of products that may have been produced upon the land, are remote and speculative, and, as pleaded, were not recoverable as damages.

■ We are of the opinion and hold that there was reversible error in the rendition of the decree in favor of respondent, dismissing complainant's bill for lack of averment of a meritorious defense to the judgments obtained while complainant was non compos mentis and without due representation and without due process. Such decree or judgment should be vacated by a bill in the nature of a bill for review. Such is the nature and purpose of the instant bill. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Huddleston v. Perryman & Company, 150 Ala. 629, 43 So. 807; Code 1923, §§ 5687, 6532.

For the purpose of another trial, it may be said, the reasonable rental of the house properly pleaded was an element of recoverable damage. In a proper case, profits, if they fall within the facts and decisions of Wilson v. Stocks, 231 Ala. 58, 163 So. 606, and Bell v. Reynolds & Lee, 78 Ala. 511, 56 Am.Rep. 52, are recoverable as damages, when properly pleaded.

The decree of the circuit court reversed, and the cause is remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.