# Foy & Bro. *v.* Dawkins *et als.*

## *Action for the Breach of a Contract.*

1. *Contract; when not invalid for indefiniteness.*—A contract which, though somewhat indefinite and obscure in its terms, is capable of being rendered certain by matter *aliunde*, cannot be declared void for uncertainty.

2. *Same; consideration.*—A contract to hold a mortgagee harmless, in consideration of his releasing certain property upon which he had a mortgage, and which had been taken under the power therein contained, is founded upon a valuable and sufficient consideration.

3. *Action for breach of contract; sufficiency of complaint.*—In an action to recover damages for a breach of a contract, a complaint which, after setting out *in haec verba* the contract, wherein it was stipulated that in consideration of the release by the plaintiff of certain property seized by him under a mortgage, the defendants would hold the plaintiff harmless in the sale of the remaining property held by him under his mortgage, then avers that there was a breach of said contract in that defendant failed and refused to hold the plaintiff harmless in the sale of said property, and that the property was lost to plaintiff by a superior claim and title of another, states a sufficient cause of action, and is not subject to demurrer.

APPEAL from the Circuit Court of Henry. Tried before the Hon. JOHN P. HUBBARD.

The action in this case was brought by the appellants, Cliff Foy & Brother, a partnership, against the appellees, W. J. Dawkins and W. J. Wood, to recover $90.00 for the breach of a contract. In the complaint, the contract was set out *in hæc verba*, and was dated January 19th, 1899, and, with the exception of the name of the State and county, and the signatures by the defendants, was in words and figures as follows: "Whereas, we, W. T. Dawkins and Will Wood, are bondsmen for R. B. Richards as guardian for the children of Sallie Flowers, deceased, and whereas Cliff Foy & Bro. have and had a mortgage made by said R. B. Richards, whereas the said Cliff Foy & Bro. have this day released to the said estate the following described property, to-wit: 75 bushels of corn more or less on the Mike Lee place, and 75 bushels of corn more or less on the Ed Lee place, and one mare named Stella ——, now, therefore, in consideration of said release, we, the said bondsmen as aforesaid, hereby turn over and assign to the said Cliff Foy & Bro. all the property levied on in the case above enumerated, and hereby agree to hold said Cliff Foy & Bro. harmless in the sale thereof, and that we will pay whatever further claim the said estate may have therein." It was then averred in the complaint, as amended, that the condition of said agreement had been broken by the defendants in that a certain lot of corn of about 100 bushels which constituted a part of the property turned over and assigned to the plaintiffs upon the terms and conditions of said agreement, and which had been sold by them after it had been so assigned, was claimed by one Helms, and, after a suit, therefor, brought by said Helms against the plaintiffs, judgment was recovered against the plaintiffs for the value of the corn and the costs of the suit, amounting to $75.00, which was paid by the plaintiffs, and, it is further averred that the property released and assigned to the plaintiffs by the defendants, under the terms of the agreement were sold by them under the terms of the mortgages plaintiffs held on the same, after having been seized or levied upon by virtue of said mortgage, and that said Helms recovered the

value of the property from the plaintiffs by reason of a title superior to that of defendants. In addition to the $75.00 damage claimed, the plaintiffs also claimed $15.00 as the amount of the attorney's fee they had incurred and paid to defend the suit brought against them in which the recovery was had. To this complaint, the defendants demurred on several grounds, which may be summarized as follows: (1.) The complaint fails to show that there was any consideration moving from plaintiffs or any one else to defendants for the making of the contract sued on. (2.) Said complainant purports to be for the breach of a contract and said complaint fails to set out a valid contract for the breach of which an action will lie. (3.) The contract set forth in said complaint is uncertain and indefinite. (4.) Said complaint fails to show by its allegations that there was any sale of the property described therein except by plaintiffs themselves. (5.) Because said complaint claims the cost of the suit between plaintiffs and one Helms. (6.) Because said complaint claims damages for the attorney's fees incurred by plaintiffs in a suit between plaintiffs and one Helms. (7.) Because the instrument sued on is set out *in haec verba* and it shows on its face that it fixes no liability on either of defendants. (8.) Said complaint fails to set forth sufficient facts to show that defendants are liable on the instrument sued on. The defendant's demurrer to the complaint was sustained and the plaintiffs declining to plead further, judgment was rendered in favor of defendants. Plaintiffs appeal and assign as error the rulings of the court in sustaining the demurrer.

P. A. McDANIEL, for appellants.—The complaint sets forth a good cause of action, and the demurrers should not have been sustained.—*Bonifay v. Hassell,* 100 Ala. 269.

The instrument set out in the complaint shows a valid and legal consideration.—*Manel v. Vaughn,* 45 Ala. 134; *Hixon v. Huntington,* 57 Ala. 165; *Huntington v. Hixon,* 46 Ala. 297; 1st Brickell Dig. 387.

No counsel marked as appearing for appellee.

[Rider v. Wood.]

DOWDELL, J.—The contract set out *in haec verba* in the complaint, and for an alleged breach of which the suit is brought, is somewhat indefinite and obscure in terms, but capable of being rendered certain by matter *aliunde*. The consideration set forth in the contract for the guaranty given was the release by the plaintiffs of certain property, upon which they had a mortgage, and which they had seized under process. The consideration was a valuable one and sufficient to support a promise. In consideration of the release, the defendants promised to hold the plaintiffs "harmless" in the sale of the remaining property held by plaintiffs under their mortgage, and in addition to the promise to hold "harmless" agreed "to pay whatever further claim the said estate may have therein"; that is, according to the averments of the complaint, in the remaining property held by plaintiffs under their mortgage. The complaint avers a breach of the contract, in that the defendants failed and refused to hold the plaintiffs *harmless* in the sale of said property, and that said property was lost to plaintiffs by a superior claim and title in another. The averments of the complaint as amended sufficiently set forth a cause of action, and was not subject to any of the grounds of demurrer interposed. The court erred in sustaining the demurrer.

The judgment will be reversed and the cause remanded.