# Jonas Schwab & Co. v. Hall.

*Assumpsit.*

(Decided June 18, 1908. 47 South. 137.)

1. *Appeal and Error; Record; Questions Presented.*—The trial court's conclusion in a cause tried by the court without a jury will not be reviewed upon appeal where the bill of exceptions does not show that it contains all the evidence had upon the trial of the cause.

2. *Costs; Taxation.*—Where a plea of set off is pleaded and controverted and the plea sustained, the party pleading is entitled to have the costs in reference to the plea taxed against the plaintiff.

[Jonas Schwab & Co. v. Hall.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action for money had and received by William Hall against Jonas Schwab & Co. From a judgment for plaintiff in the sum of $51, and from the action of the court in overruling the motion to retax the costs, defendants appeal. Affirmed in part, and in part reversed and remanded.

The motion was in the following language: "(1) Defendant moves the court to direct the clerk to tax the cost of appeal in this case against plaintiff, because the judgment appealed from was more than the judgment rendered in this court. (2) The defendant moves the court to tax the plaintiff with all the costs in this court and in the court below with reference to the plea of set-off, the same having been allowed to the extent of $41." On the trial of the motion it was shown that this case was originally tried in an inferior court, and judgment rendered in favor of plaintiff and against defendant in the sum of $65, from which defendant appeals. It was shown that the witnesses referred to in said motion were examined by plaintiff exclusively on the question as to the value of replacing the front in the store, and that on the original trial of the said cause the set-off claimed by the defendant was controverted by plaintiff, and that plaintiff's judgment or claim was reduced by said plea of set-off from $100 to $59, and the only witnesses who claimed attendance were the witnesses referred to in said motion, and they were plaintiff's witnesses, and were used by him for the sole purpose of resisting said plea of set-off.

M. L. WARD, for appellant.—The court should have granted the motion as to the costs.—*Fuller v. Hunter,* 34 Ala. 56; 80 Ala. 30; 87 Ala. 708; sec. 3295, Code 1896.

FRANK S. ANDRESS, for appellee.—The court cannot review the finding of the trial court as the record does not disclose that it contains all the evidence.—*Shafer & Co. v. Hausman*, 139 Ala. 237. The motion was properly refused.—Sec. 1329, Code 1896.

McCLELLAN, J.—The action was for money had and received. Trial by the judge without the jury, and judgment for plaintiff for a sum in excess of set-off pleaded and sustained. The bill of exceptions purports to set out tendencies of the evidence, though it does conclude with the recital that "upon this evidence, which is substantially all the evidence given on the trial of said cause." This state of the bill renders it equivocal whether the bill does contain all of the evidence, which doubt, if so, we must resolve against the party bringing up the bill. We cannot, therefore, review the court's conclusion on the main trial.

The motion to retax the costs, under the motion to that end, should have been sustained, as was held in *Fuller v. Hunter*, 34 Ala. 56. The action of the court in overruling the motion to retax cost is reversed, and the cause is remanded, that the court below may dispose of the motion in accordance with our conclusion.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.