# Kennedy *v.* McDiarmid.

## Action for Breach of Contract.

(Decided Nov. 26, 1908. 47 South. 792.)

1. *Landlord and Tenant; Relation; Statute.*—Where one party furnishes the land for raising a crop, and another furnishes the labor and the team to cultivate it, with a stipulation for a division of the crop between them, the relation of landlord and tenant exists under section 2711, Code 1896; the status fixed by the statute being contractual.

2. *Breach of Contract; Pleading.*—In actions for breach of contract the terms of the contract must be alleged with certainty, and the provisions imposing the obligations sought to be enforced must be averred distinctly and positively, and not merely by inference, or generally, or argumentatively.

3. *Pleading; Certainty; Test.*—A cause of action must be alleged with sufficient certainty and precision to enable defendant to defend and to plead a judgment therein in bar of another recovery.

4. *Landlord and Tenant; Renting on Shares; Action by Landlord; Sufficiency of Complaint.*—A complaint in an action for a breach of contract brought by the landlord against the tenant, who was to cultivate land furnished by the landlord, the crops to be divided between them, which alleges only that defendant .agreed to plant the

[Kennedy v. McDiarmid.]

land in corn and cotton and give the landlord one-fourth of the corn and one-third of the cotton, but that the tenant did not cultivate a large part of the land, and cultivated the remainder in an unhusbandlike manner, is insufficient; it not being alleged how much of the land would grow those crops, or how much was to be planted in each of the crops, or was planted in said crops and not properly cultivated.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by Ed. Kennedy against Whit McDiarmid. From a judgment for defendant on demurrer to the complaint, plaintiff appeals. Affirmed.

The complaint as originally filed is as follows: "Plaintiff claims of defendant the sum of $100 damages, for that, whereas, plaintiff rented to defendant certain lands for cultivation for the year 1906, plaintiff to furnish the land and defendant to furnish the labor and team to cultivate said land and crops to be divided on one-third and one-fourth between plaintiff and defendant. Plaintiff avers that defendant failed to cultivate or have cultivated the lands rented in a husbandlike manner, and not cultivating some at all, as he contracted to do. (2) Plaintiff claims of defendant the sum of $100 damages out of a breach of duty growing out of a certain contract between plaintiff and defendant, whereby plaintiff rented to defendant certain lands for cultivation by defendant for 1906, plaintiff furnishing the land to be cultivated and defendant furnishing labor and team to cultivate said land, the crops to be divided on third and forth between plaintiff and defendant. Plaintiff avers that defendant failed to plant and cultivate said land in a husbandlike manner, to the damage of plaintiff," etc. Demurrers were interposed for a misjoinder of count, failure to set forth with sufficient definiteness the terms and conditions of the contract, failure to properly describe the land, and remoteness of damages claimed. These demurrers being sustained,

32 R

plaintiff amended the complaint by adding in both counts immediately after the figures "1906" where they occur therein, the following words of averment: "A farm in Brownsville precinct, Clay county, known as the 'Ed. Williams old farm,' which trade was made between plaintiff and defendant about the last of November or the 1st of December, 1905, the crop to be grown during the year 1906." Demurrers being sustained to the counts as amended, the following additional amendments were made by adding at the end of each count the following averments: "Plaintiff avers that defendant took charge and possession of said farm some time near the latter part of December, 1905, or the 1st of January, 1906, under said contract and kept the possession of said farm during the year 1906, and cultivated or had cultivated a portion of said land, but not in a husbandlike manner, and a large part of said land was not cultivated at all, but plaintiff avers that defendant obtained possession of said land during the year 1906, but negligently failed to have any of said land properly cultivated in a husbandlike manner, and negligently failed to have a large portion of said land cultivated at all. The original demurrers were refiled to the complaint, with additional demurrers that the allegations are too uncertain, vague, and indefinite; that the quantity of cultivatable and noncultivatable land was not shown; that the damages sought are too remote," etc. Plaintiff further amended his complaint by adding count 3 as follows: "(3) Plaintiff adopts count 2 as first amended, and adds the following words of averment: 'Plaintiff avers that defendant took charge of said farm and kept possession during the year 1906, and pretended to cultivate or have a portion of said lands cultivated, but plaintiff avers that defendant wantonly or intentionally failed to cultivate any of said land in a husbandlike manner, and

wantonly or intentonally failed to cultivate a portion
of said land at all to plaintiff's damage.' " The demur-
rers were refiled and sustained, and defendant added the
following amendment to each count, and plaintiff fur-
ther avers that it was agreed in the said contract be-
tween plaintiff and defendant that defendant would cul-
tivate said lands in corn and cotton, and give plaintiff
one-fourth of the cotton and one-third of the corn grown
thereon, and defendant furnish labor and team to culti-
vate the same without cost to plaintiff. Demurrers were
refiled and sustained, and plaintiff declined to plead
over. .

RIDDLE & ALLEN, for appellant. There was not a mis-
joinder of causes of action.—*Wheat v. Watson*, 57 Ala.
58. The first count was not subject to demurrer.—*C. of
Ga. Ry. Co. v. Foshee*, 125 Ala. 215. The amended com-
plaint was not subject to the demurrers assigned.—
*Bain v. McDonald*, 111 Ala. 269. It does not matter
whether the contract was in writing or not.—*Penton v.
Williams*, 43 South. 211; *A. G. Rhodes Furt. Co. v.
Weeden & Dent*, 108 Ala. 255.

WHATLEY & CORNELIUS, for appellee. The damages
claimed are too remote and speculative, and the counts
were each subject to the demurrers assigned thereto.—
*Harper v. Weeks*, 89 Ala. 577; *Bingham & Co. v. Car-
lisle*, 78 Ala. 244; *Gresham v. Taylor*, 51 Ala. 506; *Bur-
ton v. Kelly*, 29 Ala. 318.

TYSON, C. J.—When one party furnishes the land
for the raising of a crop, and another furnishes the
labor and the team to cultivate it, with a stipulation for
a division, under the statute the relation of landlord
and tenant exists between them. Section 2711, Code
1896. It is scarcely necessary to say that the status thus

fixed by the statute is the result of a contract entered into between the parties. It is for the breach of such a contract that this action is brought, and by it damages for that breach are sought to be recovered. It is elementary that, in declaring upon a breach of a contract or upon breach of a duty imposed by contract, the terms of the contract must be alleged in the complaint with definiteness and certainty. By this it is meant that the subject-matter of the contract, and the terms imposing the obligations relied upon, the performance of which is incumbent upon the party sought to be charged, must be clearly, distinctly, and positively averred, as opposed to undue generality and deducible argument or inference not necessarily the result of unequivocal averments of material facts. In the language of our own court: "The general rules of pleading require that the cause of action be stated with sufficient certainty, clearness, and precision to enable the defendant to prepare to defend himself against the action and plead a judgment thereon in bar of another recovery."—*Chapman v. Weaver,* 19 Ala. 626. In *Moore v. Smith,* 19 Ala. 774, it was held that a declaration which did not enable the court to ascertain the extent of plaintiff's claim or of the defendant's liability was wholly insufficient, and subject to a demurrer for indefiniteness and uncertainty.

We have only to test the complaint as amended in this case, by these principles, to see its utter insufficiency and the correctness of the judgment appealed from, sustaining the demurrer interposed to it. Just how much tillable land, suitable for the raising of corn and cotton, there was upon the farm which the plaintiff agreed to furnish defendant to cultivate, or, for that matter, whether any part of it was suitable for the purpose named, is nowhere averred. How much of the land was to be planted and cultivated in corn, and how much in cotton,

is not even alleged arguendo. How many acres were actually planted in either of these crops, and not properly cultivated, is nowhere shown. There are other defects, perhaps, which might be pointed out, but these will suffice to show the correctness of the judgment appealed from.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.