# T. L. Farrow Mercantile Co. *v.* Riggins.

### Assumpsit.

(Decided May 30, 1916.   71 South. 963.)

1. **Landlord and Tenant; Shares; Breach; Complaint.**—Where the action was for damages for the breach of a contract of renting on shares, the complaint which in setting forth the contract did not attempt to describe the land, the number of stock and quantity of fertilizer to be furnished plaintiff, the quantity of land to be cultivated, or the kind of crop, was uncertain and indefinite and subject to demurrer as such.

2. **Same.**—An allegation that under such contract plaintiff started a two horse crop, was not an allegation that the contract was for a two horse crop.

3. **Same; Evidence.**—Where the action was for a breach of contract of rental on shares, evidence of the value of the growing crop on the land at the time of the alleged breach of the contract was not admissible, since the action was not for the destruction of said crop, but for preventing plaintiff from completing its cultivation.

4. **Same; Measure of Damages.**—In such an action, where the year in which the crop was planted had ended, evidence as to what kind of crop the

land was capable of producing, the adaptability of the land to the crops planted, the manner in which plaintiff was cultivating the land, the average per acre yield of that land under similar conditions and cultivation, and the market value of the crop when they would have been gathered under the conditions and circumstances would be admissible in arriving at the value of the crop which plaintiff would have made, had he been permitted to perform the contract.

5. **Damages; Renting on Shares; Measure.**—Where the action was for breach of contract for renting on shares, although the relation between the parties was that of tenant in common and not that of a contract of hire within § 4743, Code 1907, yet since the contract provided that plaintiff was to do the work personally, it will be treated as a breach of contract for personal services, and the proper measure of damages is the value of one-half of the crop that would have been gathered by him, less one-half of the cost of the fertilizer, and such sum as plaintiff received from other employment, or could have made had he been able to obtain employment of the same general nature at the same place, by the exercise of reasonable effort.

6. **Same; Reducing.**—Where the crop season at the time of the breach had not advanced too far to permit plaintiff, in the exercise of reasonable effort and expense to rent similar lands and replace the stock and tools that defendant had agreed to furnish, evidence of his financial condition at the time of the breach was admissible on the question whether by reasonable efforts he could have minimized the damage.

7. **Set Off and Counter Claim; Recoupment.**—When the abatement claimed springs out of or is closely related to the contract or transaction on which a recovery is sought, recoupment applies while a set off is based on an independent cause of action.

8. **Same; Statute.**—The provisions of § 5860 and 5865, Code 1907, have not enlarged the class of demands which may be made the subject of recoupment.

9. **Same; Damages.**—Under § 5865, Code 1907, on a plea of recoupment if the claim of defendant equals that of plaintiff, judgment must be rendered for defendant, but on a plea of set off under such circumstances, defendant would not have judgment, but would be entitled to have his costs sustained in establishing the set off taxed against the plaintiff under § 3666, Code 1907.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Oliver Riggins against T. L. Farrow Mercantile Company for damages for breach of contract of rent. Judgment for plaintiff and defendant appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant. STREET & ISBELL, for appellee.

PELHAM, P. J.—The appellee sued the appellants to recover damages for the breach of a contract. The complaint consists of one count, which is as follows: "The plaintiff claims of the

defendant the sum of $250, for the breach and violation of a contract, the substance of which was and is as follows, to-wit: Along about the first of the year 1913, one Ernest Howle rented lands to the plaintiff on the halves; that is, Howle was to furnish the land, stock, feed for the stock, and the tools, and plaintiff was to do the work of making and gathering the crops, and the crops were to be divided in halves, each party to pay one-half of the fertilizer. That under this agreement plaintiff started a two-horse crop, plowed up some of the land, cleared up and prepared the land for cultivation, and planted some of the crops. In the spring when the crops had been thus started, the said landlord (Ernest Howle) died. And after the death of said Howle, the defendant came to plaintiff and told him that he held a mortgage on the land, stock, tools, etc., that Howle had agreed to furnish plaintiff to make the crop. And the said T. L. Farrow then and there agreed that he would take the place of said Ernest Howle and would let him keep the land, stock, and tools and would furnish feed for the stock as Howle had agreed to do. The proposition was accepted and agreed to by plaintiff. And plaintiff then and there entered upon the work of making the crops under the new contract, proceeding to prepare the land for planting, and planting the crops and working over the young crops. That after plaintiff had proceeded with his crops, under the new agreement with defendant for some days or weeks, defendant notified plaintiff that he could not and would not furnish the land, stock, and tools and feed for the stock as he had agreed to do, and took the stock away from plaintiff, and failed and refused to comply with his said contract, and notified plaintiff that he would no longer comply with, or try to comply with, his part of the contract, to the great damage of plaintiff, as aforesaid, $250."

The complaint was amended by striking out "T. L. Farrow" wherever it appeared in the body of the complaint and inserting in lieu thereof the word "defendants."

(1) It is elementary that in declaring upon a breach of contract, the parties must be held to observe reasonable certainty in the more substantial parts of the declaration which describe the cause of action. The subject-matter of the contract and the terms imposing the obligations relied upon must be stated with sufficient certainty, clearness, and precision to enable the defendant to prepare to defend against the action and plead a judg-

ment thereon in bar of another recovery, and in such manner that from the breach assigned compensation therefor in damages can be computed with reasonable certainty.—*Moore v. Smith*, 19 Ala. 774; *Kennedy v. McDiarmid*, 157 Ala. 496, 47 South. 792; *American Tie & Timber Co. v. Naylor Lumber Co.*, 190 Ala. 319, 67 South. 246. An inspection of the complaint in the present case shows that it does not conform to these elementary rules, and it is too uncertain and indefinite to be supported, when attacked by demurrer. It does not attempt to describe the lands which, under the contract, were to be furnished by the defendants and cultivated by the plaintiff. A reasonable identification of the lands was material in the matter of enabling the defendants to prepare to defend the action, and, if necessary, to plead res adjudicata in another action. This point was not taken by demurrer, but the demurrer did point out that the complaint failed to show that there was any provision in the contract as to the quantity of land that was to be cultivated, and that it did not allege the kind of crops that were to be grown. The necessary fertilizer, one-half of the cost of which was to be paid by the defendants, for a crop of corn or oats might be materially different from that required for a crop of cotton or wheat or other kind of grain or vegetable, and would vary in amount as to the quantity of land to be cultivated. The number of stock required, which the defendants were to furnish, would vary with the quantity of land and probably with the kind of crop; and the feed for the stock and the number of plows, which the defendants were to furnish, would be increased or diminished according to the number of animals employed. It is therefore readily observed that these matters have to do, not only with the amount of damages, but are materially descriptive of the defendant's obligation or duty under the contract, and without them this obligation or duty is not descibred with such definiteness that the defendants would be enabled to prepare to defend the action and upon which a breach would be assigned that could be compensated for in damages capable of being computed with reasonable certainty. It is the insistence of counsel that the complaint alleges in substance that the defendants agreed to furnish the plaintiff lands, stock, and tools to make a two-horse crop, and that after the plaintiff had proceeded to the planting and working of the crop, the defendants breached the contract; that the complaint, therefore, alleges a contract and breach thereof. Assum-

ing this to be true, nevertheless the complaint is totally wanting as to a description of the kind of crop, as well as to the quantity of land. A complaint may allege a duty owing by the defendant to the plaintiff and a breach thereof, and, if not demurred to, may, if it states a substantial cause of action, support a judgment, but it may be so indefinite or uncertain as to fail to comply with the elementary rules first above referred to, and be fatal on attack by demurrer.—*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389; *Kennedy v. McDiarmid,* 157 Ala. 496, 47 South. 792.

(2) However, the allegations of the complaint do not bear out the insistence of counsel that there was a contract for a two-horse crop, except probably by inference. "Good pleading requires that the facts which constitute the cause of action relied on shall be stated in the complaint, and not left in inference. Facts, when averred, may be established inferentially from other facts shown in evidence, but this is a rule of evidence and not of pleading."—*Fidelity & Deposit Co. of Maryland v. Walker, et al.,* 158 Ala. 129, 48 South. 600; *Daniels v. Carney,* 148 Ala. 81 42 South. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Am. Ann. Cas. 612.

(3) The trial court, against objection, admitted evidence of the value of the crop at the time of the alleged breach of the contract. In this, it is our opinion that the court erred. The action is not for the destruction of or injury to a growing crop, but is for damages for the breach of a contract, by which breach on the part of the defendants the plaintiff was not permitted to complete the cultivation and gathering of the crop according to the contract, and was thereby deprived of the fruits of that contract. In action ex contractu, only such damages as are the natural proximate result of the breach of the contract, and which could reasonably have been contemplated by the parties as a probable result of the breach, are recoverable.—*Bell v. Reynolds & Lee,* 78 Ala. 511, 56 Am. Rep. 52.

(4) The primary purpose of awarding damages is actual compensation to the injured party. In the assessment of actual compensation to be paid to the plaintiff, in the present case, it is necessary to arrive at what would have been the value of the crop if the plaintiff had been permitted to complete and gather it, because he, under the contract, was to receive one-half of it. To show the probable future yield of any crop would be a most

difficult matter, because it depends upon so many varying con-
tingencies as to render it very indeterminate; but where, as in
the present case, the year in which the crop was planted has
passed, and the character of the season and the circumstances
and conditions existing throughout the year are known, it is pos-
sible to arrive at what the lands would have produced with rea-
sonable certainty. "A party who has broken his contract cannot
escape liability because of the difficulty there may be in finding
a perfect measure of damages. It is enough if the evidence fur-
nishes data for an approximate estimate of the   *   *   *   dam-
age."—*W. T. Adams' Machine Co. v. South State Lumber Co.,*
2 Ala. App. 476, 56 South. 826; *Bigbee Fertilizer Co. v. Scott,*
3 Ala. App. 333, 56 South. 834. In arriving at the value of the
crop that would have been made and gathered had the plaintiff
been permitted to perform the contract, it would be proper to
admit, and for the jury to consider, evidence showing what, if
anything, was gathered from the crops, if any part thereof was
completed and gathered by another person, and the manner of
cultivation, the kind of crops the land was capable of producing,
the adaptability of the land to the kind of crops that were plant-
ed, the manner in which the lands were being cultivated by the
plaintiff, the average yield of that land per acre under similar
conditions and with similar cultivation, as well as the average
yield of similar crops on similar lands in the immediate neigh-
borhood under similar circumstances, and the market value of
the crops when they, under the conditions and circumstances,
would have been gathered (*Bigbee Fertilizer Co. v. Scott,* 3 Ala.
App. 333, 56 South. 834; *Bell v. Reynolds & Lee,* 78 Ala. 511,
56 Am. Rep. 52) ; and as a further aid to the jury it would be
proper to permit opinions of experts (*International Agr. Corp v.
Burton,* 194 Ala. 108, 69 South. 417). The value of the growing
crop at the time of the alleged breach of the contract could be of
no assistance to the jury in determining what it would be worth
when completed or gathered, or in estimating plaintiff's damages.
A crop in its early stages might be of great value, and practically
of no value at the harvesting season. The plaintiff, under the
allegations of this complaint, was to receive one-half of the crop
when gathered.

(5) It is well settled in this state that at the time the present
contract was entered into the relation between the parties as de-
scribed by the complaint is that of tenants in common, and that

the contract was not one of hire, within section 4743, Code 1907, which would have given the plaintiff a lien on the crops produced (*International Agr. Corp. v. Burton, supra; Hendricks v. Clemmons*, 147 Ala. 590, 41 South. 306; *Tate v. Cody-Henderson Co.*, 11 Ala. App. 350, 66 South. 837) ; but since the contract as alleged shows that "the plaintiff was to do the work"—not to have it done or to furnish the labor—it partakes of the nature of a contract for personal services, the compensation to be one-half of the crop; and, with reference to a diminution of the damages, so far as other employment is concerned, we think it proper that the rules applicable to the breach of a contract for personal services be applied to it. In this class of cases, the general principle applies that whoever seeks redress for injury from the conduct of another is under a moral and legal duty to use due diligence in preventing loss thereby.—*Strauss v. Meertief*, 64 Ala. 299, 38 Am. Rep. 8. However, a party is entitled to his bargain or the benefits of his contract; the obligation to use due diligence is based on a moral and equitable principle, and in order to reduce the damage the injured party is not obligated to forego, or to waive for the benefit of the wrongdoer, his own rights or advantages. The party discharged, therefore, must make reasonable effort to obtain employment of the same general nature and description as that for which he was employed under the contract, but not at a different place from that in which the original employment contemplated his remaining during the term.—*Strauss v. Meertief, supra; Wilkinson v. Black*, 80 Ala. 329. The defendants should be permitted in the present case to show in diminution of damages, that the plaintiff accepted, or was offered at the same place, employment of the same general nature, or that he failed to make reasonable effort to obtain such employment at the same place, and that if he had done so such employment could have been obtained by him.—*Wilkinson v. Black, supra*. And if the plaintiff accepted employment of a different kind, at the same place or at another place, his earnings from that employment should be considered in diminution of damages, but if he had continued under the contract, the contemplated return from his services would be included in the value of his one-half of the crops which he is entitled to receive. The burden of proof as to these matters rests on the defendant.—*Strauss v. Meertief, supra*. The proper measure of damages which would actually compensate the plaintiff for the breach of

the contract as here alleged is the value of the one-half of the crops that would have been made and gathered by him, less one-half of the cost of the fertilizer and such sum that the plaintiff received from other employment, or such sum that he could have made had he, in the exercise of reasonable effort, been able to obtain, at the same place, employment of the same general nature and description as that described in the contract.

(6) An attempt was made in the court below to show the financial condition of the plaintiff. If the crop season at the time of the breach of the contract had not advanced too far to permit the plaintiff, in the exercise of reasonable effort, and at a reasonable expense, to rent similar lands at the same place and to replace the stock and tools that the defendants agreed to furnish, evidence of the financial condition of plaintiff at the time the contract was breached would be relevant on the question as to whether or not the plaintiff, by reasonable effort, could have minimized the damages. "If the party entitled to the benefit of the contract can protect himself from the loss arising from a breach, at a reasonable expense, or with reasonable exertions, he fails in his social duty if he omits to do so, regardless of the increased amount of damages for which he may intend to hold the other contracting party liable."—*Murrell v. Whiting*, 32 Ala. 54; *Watson v. Kirby*, 112 Ala. 436, 20 South. 624.

(7) The defendants pleaded as a recoupment that the plaintiff was indebted to defendant T. L. Farrow Mercantile Company in two sums, viz., $25 and $30, secured, respectively, by two mortgages, the first executed by the plaintiff and Ernest Howle, and the second only by the plaintiff, and each mortgage purported to cover the crop of the plaintiff. A recoupment applies when the abatement claimed springs out of or is closely related to the contract or transaction on which the recovery is sought. A set-off is based on an independent cause of action.—*Washington v. Timberlake*, 74 Ala. 259. Unaffected by our statute, under the common law there could be no judgment on a plea of recoupment for the excess against the plaintiff, as there could be under a plea of set-off. A recoupment at common law, as has been said by the Supreme Court in *Grisham v. Bodman*, 111 Ala. 194, 20 South. 514, "is in some sense a means of enforcing a cause of action by the defendant against plaintiff, either wholly or partially, as the defendant's claim for damages may or may not be less than plaintiff's demand, yet such cause of action is en-

forced not as an independent claim or debt of the defendant, but by way merely of cutting off, reducing the plaintiff's claim, so that the effect and result of a plea of recoupment sustained is an adjudication that to the extent of the sum recouped the plaintiff had no claim or debt. 'For,' as said by Mr. Parsons, 'the essential difference between recoupment or reduction on the one hand, and set-off on the other, is that in set-off the ground taken by the defendant is that he may owe the plaintiff what he claims; but that a part of the whole of the debt is paid in reason and justice by a distinct and unconnected debt which the plaintiff owes him,' * * * while on a plea of recoupment, 'a defendant may deduct from the plaintiff's claim all just demands or claims owned by him, or payments made by him, in the very same transaction, or even in other, but closely connected, transactions. They must, however, be so connected as fairly to authorize the defendant to say that he does not owe the plaintiff, on that cause of action, so much as he seeks, and not that he ought not to pay the plaintiff so much, because on another cause of action the plaintiff owes him. If he can so present and use his claims, he diminishes the plaintiff's claim by way of reduction.'—2 Parsons on Contr. 862, 863. And this doctrine that recoupment goes, not to the effectuation of a counterclaim as a set-off against plaintiff's demands, but in diminution, reduction, and, it may be, to the destruction of plaintiff's claim or cause of action has been long recognized in this state."—*Peden v. Moore,* 1 Stew. & Port. 71, 21 Am. Dec. 649.

(8, 9) And while the common-law rule has been changed by our statute (Code, §§ 5860, 5865), which permits a judgment in favor of the defendant against the plaintiff on a plea of recoupment, as well as on a plea of set-off for the amount that the defendant's claim exceeds that of the plaintiff, the statute has not enlarged the class of demands which may be the subject of recoupment (*Martin v. Brown,* 75 Ala. 442; *Ewing v. Shaw,* 83 Ala. 333, 3 South. 692), and there is still another distinction between the two kinds of pleas under our statute, in that on a plea of recoupment, if the claim or demand of the defendant just equals the claim or demand of the plaintiff, judgment must be entered for the defendant (Code, § 5865), but on a plea of set-off under such circumstances, the defendant would not be entitled to judgment against the plaintiff; he would be entitled to have the costs sustained in establishing his set-off taxed against the plaintiff

(*Fuller v. Hunter,* 34 Ala. 56; *Jones, Schwab & Co. v. Hall,* 156 Ala. 560, 47 South. 137; Code 1907, § 3666), and the defendant's set-off not having exceeded the plaintiff's claim, the plaintiff would be entitled to judgment which would carry all the costs except that to be taxed against the plaintiff as aforesaid. The question as to which party should pay these costs would therefore, in such case, be determined by whether or not the plea is a recoupment or a set-off. In view of the fact that our statute has not enlarged the class of demands which may be the subject of recoupment, it will be observed that the debt set up in the plea might be pleaded as a set-off. In *Merchants' Bank v. Acme Lumber Mfg. Co.,* 160 Ala. 435, 49 South. 782, the Supreme Court said: "By pleading recoupment, the defendant says: Taking the contract between us, with all its reciprocal obligations, I owe you either must less than you claim or nothing at all."

The debt pleaded as recoupment in the present case is not made to appear to arise out of or to be connected with the reciprocal obligation of the contract sued upon.—*Dalton v. Bunn & Allison,* 152 Ala. 577, 44 South. 625.

The plea contained some allegations with reference to a provision in the mortgage empowering the mortgagee to take possession of the property therein described, but since the plea was expressly stated therein to be in recoupment, the purpose of these allegations is not clear; they should be so stated that a material issue can be taken thereon.

The assignments of error in this case are numerous. We have not dealt with each separately, but have attempted to state the law applicable to the case in such manner as to be of some service on a new trial. The case must, for the reasons pointed out, be reversed and remanded.

Reversed and remanded.