(78 South. 421)

## LIMBAUGH v. BOAZ. (7 Div. 378.)

(Court of Appeals of Alabama. March 12, 1918. Rehearing Denied April 2, 1918.)

1. APPEAL AND ERROR ⬥⟝544(3)—APPEAL ON RECORD—RIGHTS OF PARTIES.

Where the court sustained demurrers to the complaint, and on plaintiff's refusal to plead further rendered judgment for defendant, plaintiff was entitled to an appeal on the record.

2. LANDLORD AND TENANT ⬥⟝323—RENTING ON SHARES—TENANCY IN COMMON.

Where defendant agreed to lease land to plaintiff, and to supply him and his family with provisions, the crop to be divided equally, the contract was not of hiring, but made plaintiff and defendant tenants in common.

3. LANDLORD AND TENANT ⬥⟝331(5)—RENTING ON SHARES — BREACH OF CONTRACT— PLEADING—SUFFICIENCY.

Complaint, alleging that defendant leased land and agreed to supply the plaintiff during the year, that the crop was to be divided equally, and that after plaintiff had gone into possession and expended time and labor defendant stated that he was going to back out and ordered plaintiff to move, sufficiently stated a cause of action for the breach of contract.

4. CONTRACTS ⬥⟝324(1)—BREACH—REMEDIES.

Where there is mere failure to comply with the terms of a contract, the remedy for its breach is an action in assumpsit; but, where one party has entered upon performance and the other interferes to such an extent that the party acting is hindered or prevented from performance, to his injury, and this hindrance is by act other than by a mere failure to comply with the terms of the contract, the party aggrieved may have an action on the case for the breach of duty growing out of the contract.

5. CONTRACTS ⬥⟝153 — UNCERTAINTY — CONSTRUCTION.

The law does not favor, but leans against, the destruction of contracts because of uncertainty, and, if possible for the contract to be so construed as to carry into effect the intentions of the parties, if they can be ascertained, it is the duty of the court to so construe it.

6. CONTRACTS ⬥⟝9(1) — UNCERTAINTY — CONSTRUCTION.

Contract leasing land for half the crops and binding the lessor to furnish supplies for the lessee and his family is not void for uncertainty, being one commonly made in the community.

7. DAMAGES ⬥⟝6—DIFFICULT OF PROOF—EFFECT.

The mere fact that the establishment of damages claimed is difficult of proof and ascertainment is no reason for holding that they are not recoverable.

8. LANDLORD AND TENANT ⬥⟝331(2)—RENTING ON SHARES — BREACH OF CONTRACT— DAMAGES.

Where defendant leased a farm to plaintiff, agreeing to furnish horses, advances, and supplies, and to take one-half the crop, while defendant furnished labor and took one-half the crop, and without cause defendant revoked the contract and ordered plaintiff to move, plaintiff could recover at least nominal damages, and any other ascertainable damages flowing from the breach.

Appeal from City Court of Talladega; Marion H. Sims, Judge.

Action by D. W. Limbaugh against Wallace Boaz. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

M. D. Ivey, of Talladega, for appellant. W. B. Harrison, of Talladega, for appellee.

SAMFORD, J. [1] There were demurrers interposed to the several counts of the complaint. Judgment sustaining the demurrers, plaintiff declined to plead further, and judgment was rendered for defendant. This presents an appeal on the record, which is the right of appellant. Pratt et al. v. B. R. L. & P. Co., 191 Ala. 638, 68 South. 151.

[2] Plaintiff sues to recover for the breach of a contract entered into between the plaintiff and defendant on the 29th day of March, 1915, whereby it was agreed that the defendant would furnish plaintiff 25 acres of land for the year 1915, and the residence thereon, the team to cultivate the same and feed for said team, and that he would furnish or cause to be furnished to plaintiff all necessary advances and supplies for plaintiff and his family during the time of the making and harvesting the crop and at the times needed. Plaintiff was to furnish the labor to cultivate and harvest the crop, and the crop was to be divided equally. Under this state of fact, the contract was not one of hire, under section 4743 of the Code, but made them tenants in common.

It was alleged in the several counts of the complaint that, in pursuance of this agreement, on March 31, 1915, the defendant moved the plaintiff and his family from Talladega, Ala., onto the 25 acres of land, placing the plaintiff in possession thereof. He also placed in plaintiff's possession a mule to be used in cultivation of the land, and the plaintiff then and there began the work of cultivating said land. The complaint then avers that, after plaintiff had continued the farming operations for a short time, he requested the defendant to furnish him advances for the use of himself and family, and the defendant refused to comply with said contract, stating that he was "going to back out" and let the 25 acres lie idle, "and in a rude, angry, and insulting manner ordered the plaintiff to take his family and things off his place as soon as possible," concluding with the following averments:

"Plaintiff avers that said defendant breached his contract aforesaid with the plaintiff without any fault on his part, and that, had said defendant not breached his contract with plaintiff, this plaintiff would have raised on said 25 acres during the year 1915 crops of a value of $1,000, after paying all expenses incident to planting, gathering, and marketing same, one-half of which would have been the property of the plaintiff, and that plaintiff has been damaged by reason of the breach of said contract by the defendant in the sum of $500, one-half of the value of said crops, after all expenses of raising and marketing same had been first deducted."

The second and third counts, adopting the averments of the first as to the contract as inducement, contain averments showing that the plaintiff by the wrongful act of the de-

flendant was deprived of the benefits incident to his right to the possession of and to cultivate said land, with resulting injury and damage. The demurrers question the sufficiency of the complaint on the ground that the contract to furnish advances is so uncertain ,in respect to quantity and the nature of such advances to be supplied that it is void, and that the contract with respect to the cultivation of the land is void because it does not stipulate the character or kind of the crops or the quantity of each to be grown, and to sustain these contentions the appellee relies upon the case of Kennedy v. McDiarmid, 157 Ala. 500, 47 South. 792. An examination of the complaint before the court in that case is sufficient to differentiate that complaint from the complaint here, and for convenience we quote its averments:

"Plaintiff claims of the defendant the sum of $100 as damages for that whereas plaintiff rented to the defendant certain lands for cultivation for the year 1906; plaintiff to furnish the land and defendant to furnish the labor and teams and to cultivate said land, the crops to be divided on one-third and one-fourth between plaintiff and defendant. Plaintiff avers that defendant failed to cultivate or have cultivated the lands rented in a husbandlike manner, and not cultivating some at all as he contracted to do."

In that case, there was uncertainty, not only as to the quantity of land to be cultivated, but there was uncertainty in respect to the quantity which each of the contracting parties was to receive upon a division of the crops. That the crops were "to be divided on one-third and one-fourth between plaintiff and defendant" is attended with such a degree of uncertainty that the averment is absurd. While amendments were made to the complaint in that case, the amendments made did not remove the uncertainty in the respect above pointed out. The court in disposing of the case said:

"We have only to test the complaint as amended in this case, by these principles, to see its utter insufficiency, and the correctness of the judgment appealed from, sustaining the demurrers interposed to it. Just how much tillable land, suitable for the raising of corn and cotton, there was upon the farm which plaintiff agreed to furnish defendant to cultivate, or, for that matter, whether any part of it was suitable for the purpose named, is nowhere averred. How much of the land was to be planted and cultivated in corn, and how much in cotton, is not even alleged arguendo. How many acres were actually planted in either of these crops, and not properly cultivated, is nowhere shown."

[3] The complaint in the instant case declaring for a breach' of the contract meets the general rule of pleading requiring that the cause of action be stated with sufficient certainty, clearness, and precision to enable the defendant to prepare himself to defend against the action, and to enable the court to ascertain the extent of the plaintiff's claim and the defendant's liability. The counts in case undertaking to set up a breach of duty owing by the defendant to the plaintiff, growing out of a violation of the rights of the plaintiff by reason of the contract, are not subject to the grounds of demurrer interposed, and, while perhaps the counts are not sufficient as drawn to charge the defendant with a breach of duty such as to enable the plaintiff to recover in an action on the case, the question is not here raised.

[4] The rule in such cases is that, where there is mere failure to comply with the terms of a contract, the remedy for its breach is an action in assumpsit; but where one party has entered upon the performance of a contract, and the other interferes with its execution to such an extent that the party acting is hindered or prevented from performance, to his injury, and this hindrance is by act other than by a mere failure to comply with the terms of the contract, the party aggrieved may have an action on the case for the breach of duty owing by the one to the other, growing out of the contract. Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Wilkinson v. Moseley, 18 Ala. 288. The rule is aptly stated in Mobile Life Ins. Co. v. Randall, supra, as follows:

"Wherever there is carelessness, recklessness, want of reasonable skill, or the violation or disregard of a duty which the law implies from the conditions' or attending circumstances, and individual injury results therefrom, an action on the case lies in favor of the party injured; and if the transaction had its origin in a contract, which·places the parties in such relation as that in performing or attempting to perform the service promised, the tort or wrong is committed, then the breach of the contract is not the gravamen of the suit. There may be no technical breach of the letter of the contract. The contract, in such case, is mere inducement, and should be so stated in pleading."

This being the rule, if, after the plaintiff made the contract with the defendant, he was prevented from carrying out and receiving the benefit of such contract by an act or acts of the defendant other than the mere breach or failure to comply with the terms of the contract, the plaintiff would be entitled to an`action on the case for such damages as he sustained, providing the same is properly claimed.

[5] But the principal question raised in the court below, and upon which the case seems to have been tried, was: Is the contract to furnish advances stated in the complaint void for uncertainty? It is well settled that the law does not favor, but leans against, the destruction of ,contracts because of uncertainty, and, if possible for the contract to be so construed as to carry into effect the intention of the parties, if they can be ascertained, it is the duty of the court to so construe it (McIntyre Lumber, etc., Co. v. Jackson Lumber Co., 165 Ala. 268, 61 South. 767, 138 Am. St. Rep. 66; Foy & Bro. v. Dawkins et al., 138 Ala. 232, 35 South. 41; Crabtree v. Hagenbaugh, 25 Ill. 233, 79 Am. Dec. 324; Gilman v. Dwight, 13 Gray [Mass.] 356, 74 Am. Dec. 634) and to apply the maxim Id. certum est quod certum reddi potest (2 Bl. Comm. 143; 1 Bl. Comm. 78; 4 Kent's Comm.

462; Broom's Leg. Max. 624; McConnell v. Brillhart, 17 Ill. 354, 65 Am. Dec. 661; No. Cent. R. R. Co. v. Walworth, 193 Pa. 207, 44 Atl. 253, 74 Am. St. Rep. 683).

[6] By applying this maxim, a contract to furnish a vendee with a certain line of goods for exclusive sale in a certain city and the territory tributary thereto has been sustained. Kaufman v. Farley Mfg. Co., 78 Iowa, 679, 43 N. W. 612, 16 Am. St. Rep. 462. Likewise, a contract to support a person where the amount is not fixed by the terms of the agreement has been sustained. Henderson v. Spratlen, 44 Colo. 278, 98 Pac. 14, 19 L. R. A. (N. S.) 655. See, also, 6 R. C. L. pp. 643, 647, §§ 59, 61.

The contract here in question is one commonly made in this section, and is such, when the rules of law above stated are applied, as is capable of being made reasonably certain, and is therefore not void for uncertainty.

While it has been held that damages resulting from the interruption of farming operations by a trespass are too remote and speculative to be recovered (Nelms v. Hill, 85 Ala. 583, 5 South. 344), and likewise that "profits, when they do not form a constituent element of the contract, and the amount cannot be ascertained with reasonable certainty from established data, are not the natural and proximate consequences of the breach of the contract and are contingent and speculative. (Harper v. Weeks, 89 Ala. 577, 8 South. 39). On the other hand, a recovery has been sustained where, as in this case, the damages claimed are the proximate result of a breach of the contract and clearly within the contemplation of the parties. Horton v. Miller Bros., 84 Ala. 537, 4 South. 370; Danforth & Armstrong v. Tenn. & Coosa River R. Co., 99 Ala. 331, 13 South. 51.

[7] The mere fact that the establishment of damages claimed is difficult of proof and ascertainment is no reason for holding that they are not recoverable. Hosmer v. Republic I. & S. Co., 179 Ala. 415, 60 South. 801, 43 L. R. A. (N. S.) 871; Stouts Mt. Coal & Coke Co. v. Tedder, 189 Ala. 637, 66 South. 619.

[8] We are therefore of opinion that, if the plaintiff could show a breach of the contract stated in the complaint, he was entitled to recover at least nominal damages, and such other damages as were within the contemplation of the parties and resulted from the breach of the contract, and, if he was deprived of the right to occupy and cultivate the land and the use of the teams that were furnished to him by the defendant, through the wrongful acts of the defendant, he was entitled to maintain an action on the case and recover such damages as proximately resulted from such tort. W.

U. T. Co. v. Bowen, 76 South. 985.[1] It is a familiar maxim that for every injury done a person in his person or estate, the law affords a remedy. In fact, this principle is embodied in section 13 of the Constitution, which provides:

"That all courts shall be open; and that every person for an injury done him in his lands, goods, person or reputation shall have a remedy by due process of law, and right and justice shall be administered without sale, denial or delay."

To deny the plaintiff the right to recover on the facts stated in his complaint would destroy this maxim and render this constitutional provision a mockery.

Reversed and remanded.